## McWhorter v. Draughn et al.[*]

(Division B. Jan. 26, 1925.)

[102 So. 567.  No. 24562.]

1. APPEAL AND ERROR.  *Holding on prior appeal held law of case on subsequent appeal.* ·

 Holding on former appeal that defendants were negligent in stretching dark chain across public highway six feet above ground at dusk, and that automobile driver's failure to see chain or hear warning of its presence would only be contributory negligence on his part, which would go to diminishment of damages, *held* law of case on subsequent appeal.

2. HIGHWAYS.  *Automobile driver not required to anticipate unusual obstructions on highway.*

 Automobile driver was not required to anticipate unusual obstructions on public highway.

3. HIGHWAYS.  *Persons who stretched dark chain across highway at dusk assumed responsibility for injury to automobile driver.*

 Persons who stretched dark chain across public highway six feet above ground at dusk assumed responsibility for injury received by automobile driver who ran into chain.

---

*Headnotes 1. Appeal and Error, 4 C. J., section 3075; 2. Motor Vehicles, 28 Cyc., p. 41 (1926 Anno.); 3. Motor Vehicles, 28 Cyc., p. 41.

APPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.

 Action by B. C. McWhorter against Will Draughn and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

*Currie & Smith,* for appellant.

 This is the second appearance of this case in this court. See *McWhorter* v. *Draughn, et al.,* 134 Miss. 247,

98 So. 597. At the conclusion of the testimony, the plaintiff and the defendant moved for a peremptory instruction, and both were refused. We respectfully submit that the lower court erred in refusing instructions for the plaintiff, including the peremptory instruction, and that the court erred in giving certain instructions for the defendant, and because the verdict of the jury is contrary to the law of this case, as well as to the facts. We submit that the cause should be reversed for the assessment of damages, because the entire record shows that the plaintiff's injuries were due to the negligence of the defendants, and further, that the defendants were engaged in a dangerous operation, and that they had absolutely no right under the law to obstruct the public highway by stretching a dangerous chain four or five feet from the ground, clear across the public road. It is negligence of itself to conduct any such operation, regardless of how it is conducted, and there is an absolute liability upon the defendants for the results to any person who was using the highway for a lawful purpose. The court erred in refusing a peremptory instruction for the plaintiff. We submit that a reading of the record not only demonstrates that the plaintiff was exercising ordinary and reasonable care, but that the defendants were guilty of negligence. They did not deny having blockaded the road with a log chain stretched in the air, which could not be visible to an ordinary traveler, and for which he could not be expected to look, and the only excuse seems to be that the plaintiff was somewhat near-sighted, and that they made certain futile efforts to warn him of the danger. The record demonstrated that their efforts were wholly insufficient and that they were not effective.

The fact that the stretched chain was obvious to the traveller would not relieve appellees of the negligence in stretching it across the road; because this fact could mean no more than that the appellant was guilty of contributory negligence in running into the chain, which

would only go to a diminishment of damages. We submit that this cause should be reversed for the assessment of damages.

*Stevens & Heidelberg,* for appellees.

This case was tried in the court below and submitted to the jury upon the theory of negligence. There was no conflict in the instructions of the court, and when this court shall have read these instructions it will be apparent and clear that the jury were instructed that they might be authorized to find for the defendants only in the event the defendants did all that a reasonably prudent person under the same circumstances would have done in an effort to warn the plaintiff of the temporary danger that existed. Counsel for plaintiff contend, however, now that this cause should never have been tried upon this theory but that the plaintiff was entitled to recover regardless of the efforts made by the defendants to warn the plaintiff of the danger. We presume that counsel for appellant take this position upon the idea that the obstruction of the road in the manner above detailed constituted negligence *per se.* If these operations did not constitute negligence *per se,* then certainly the case was submitted upon the proper issue. "In order that an act shall be deemed negligent *per se,* it must have been done contrary to the statutory duty or must appear so opposed to the dictates of common prudence that we can say without hesitation or doubt that no careful person would have committed it." Words and Phrases, First Series, 4766. "It is well settled that in order that an act shall be negligence *per se,* it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that it can be said without hesitation or doubt that no careful person would have committed it." Words and Phrases, Second Series, 578.

Section 4396, Code of 1906, provides that if any person shall in any manner obstruct a public road and not remove the obstruction within twenty-four hours, he shall be liable for all damages occasioned to another by such obstruction. Had the obstruction complained of in this case remained across the public road for a period of twenty-four hours, then its existence would have been negligence *per se* and the defendant would have been liable regardless of what effort was made to warn the public because of the plain provisions of the statute. They would have been liable because the statute provided for such liability. However, the obstruction on this occasion did not remain for twenty-four hours but remained for a very few minutes only, and, therefore, the defendants violated no statutory duty. The evidence in this case does not disclose that other reasonably prudent men engaged in the same kind of work did not occasionally load logs in the same way. How could this court say as a matter of law that the thing done on this occasion was so opposed to the dictates of common prudence that it can be said without hesitation or doubt that no prudent person would have committed it? It is not every obstruction of a public highway, whether it be road, street or sidewalk, which is prohibited by law. The carrying on of the commerce of this Nation involves constant obstructions of various kinds, both to the roads, to the streets and the sidewalks throughout the entire land. Every loading or unloading of any sort of vehicle while the vehicle is standing in the street, constituted to that extent an obstruction of the street. *Welch* v. *Wilson*, 101 N. Y. 254, 54 A. R. 698; *Press* v. *Penny*, 242 Mo. 98, 18 A. L. R. 794; *Searcy* v. *Noll Welty Lumber Co.*, 243 S. W. 318, 23 A. L. R. 813. In *Callahan* v. *Gilman*, 107 N. Y. 360, it is said that the use of a bridge made of skids to load or unload a single truck by placing it from the stoop of a building across the sidewalk to such truck, not obstructing the street for any considerable time, is not a nuisance. In *Culbert-*

*son et al.* v. *Alexander,* 17 Okla. 370, 10 A. & E. Ann.
Cas. 916, it is held that the use of a street by abutting
owners for the purpose of depositing building material
was not unlawful, and that the questions of whether the
material remained in the street an unreasonable time,
and whether reasonable care was exercised to prevent
interference with the property or business of the plain-
tiff, are questions of fact for the jury to determine. We
submit, therefore, that the use of a road for the purpose
of loading a truck, causing an obstruction of the road
of the most temporary nature, is not negligence *per se,*
and that it cast upon the defendants the duty only of
exercising reasonable care to prevent damages to or
injuries of others while such obstruction existed.

When the court reads the former opinion in this case,
it must bear in mind that on the former trial of the
case a peremptory instruction was granted before the
defendant had introduced any evidence and, therefore,
the defendants had not proven what decree of care and
caution was exercised by them in an effort to warn the
plaintiff of the existence of the chain, and what was
said by the court in the former opinion was said in the
light of the absence of this testimony from the defend-
ants. Since the reversal of the case it has been tried
again and on the trial of the case this time the defend-
ants put their evidence before the jury and convinced
twelve citizens of Forrest county that a sufficient and
reasonable warning was given the plaintiff, and that in
spite of this fact he ran into the chain. We submit that
the second syllabus written by the court in the former
decision of this case announces the correct rule. This
case was properly submitted to the jury on the question
of negligence and the finding of the jury will not be
disturbed by this court. The judgment of the lower
court should be affirmed.

Holden, P. J., delivered the opinion of the court.

The case is here for the second time. Upon the former appeal the judgment of the lower court granting a peremptory instruction to find for the defendant was reversed and the case remanded for a new trial. See *McWhorter* v. *Draughn et al.,* 98 So. page 597, in which decision will be found a full statement of the facts and law of the case. On the second trial below the facts as shown by the evidence were substantially the same as in the first. There was some additional testimony given in the last trial with reference to the defendant having given warning, or attempting to do so, to the plaintiff when he was approaching the chain stretched across the road which caused his injury when his auto ran into it. This additional testimony does not, however, materially change the facts of the case, because in the former appeal we stated that the warning, attempted to be given when the plaintiff was approaching the chain, would not relieve the defendant of liability if it was guilty of negligence in stretching the chain across the road, but that the failure of the driver of the car to heed the warning given would be no more than contributory negligence on his part which would only go to the diminishment of the damages.

Now, since the law and facts of the case are settled in the former decision, and as the case now before us is substantially the same as on the first appeal, it is only necessary this time to inquire into whether or not the lower court erred in the refusal or granting of instructions, as the appellant now complains that the lower court erred in refusing to grant a peremptory instruction to the jury to find for the plaintiff upon the whole evidence in the case and that the court erred in giving certain instructions for the defendant.

We shall determine but one point, which will be sufficient to dispose of the appeal, and that is whether

or not the plaintiff below was entitled to a peremptory instruction, under the whole proof in the case.

We think the law of the case, as announced in the former decision, warrants the conclusion on this appeal that the appellant, plaintiff below, was entitled to a peremptory instruction on the question of liability. A careful reading of the former opinion will make it obvious that we held that the stretching of a dark chain across the public highway six feet above the ground, at dusk, was negligence of itself, and a traveler upon the highway injured by running into the chain is entitled to damages; and the failure of the driver of the car to observe the chain or the warning of its presence, which he ought to have seen but which he claims he did not see, would only be contributory negligence on his part which would go to the diminishment of damages.

On the former appeal this court said:

"It seems to us it was negligence for the appellees to obstruct the public highway by stretching a chain across it and thus making it unsafe for public travel. This chain stretched across the road six feet from the ground is not a customary use of the road as would put the burden on the driver to discover the obstruction and stop his car before striking it. A traveler upon the highway is only charged with the duty of using reasonable care to prevent running into other vehicles and objects which are using the road in a reasonable and customary manner."

And we further said in the opinion:

"And there is other evidence in the case which may show contributory negligence on his (the driver's part; but the test as to whether a recovery can be had is whether the appellees were guilty of any substantial negligence which proximately caused the injury."

And any negligence shown on the part of the appellant in failing to see the chain, or any warning attempted to be given him of its presence, was merely contributory negligence which would not defeat the cause of action,

but would only reduce the amount of damages. There-fore the liability of the defendant below was conclusively shown by all the evidence in the case, and a peremptory charge to find for the plaintiff should have been granted, and the question of the amount of damages submitted for the determination of the jury. We do not think this point as to conclusive liability of defendant was raised on the former appeal.

The recent case of City of *Vicksburg* v. *Harralson* (Miss.), 101 So. 713, discusses the rights and duties of travelers upon the streets and highways, and amongst other things announces the principle that—"The driver may assume the street is reasonably safe for travel, and is not required to use extraordinary care."

The same is true of the public highway, and when it is dangerously obstructed in such an unusual way as appears in this case, the driver cannot be charged with reasonable anticipation of such obstruction. And when the appellees herein obstructed the road in the manner shown by this record, they assumed the responsibility for the injury received by the driver running into the chain.

"The open road" is the great privilege given to every traveler in our state and nation, and he may recover for injuries received on account of its wrongful obstruction. The highways of our country, permitting the people to visit from one part of America to another, and thus become better acquainted with each other and the country, is both pleasant and beneficial to the American people; and the public roads of our state should be kept open and reasonably safe for travel, and thus fully and freely serve the purposes for which they were intended.

Travelers in a motor vehicle, moving at a rate of speed within the law and commensurate with the condition of the road, are necessarily required to watch out ahead for many different things, some of which are in the roadway and others upon the sides that might come into it, and he cannot at all times direct his attention

upon one thing to the exclusion of others, and consequently he is very likely to run into an obstruction, especially such a one as appears in this case, before he has time to see it and stop his car.

In view of the conclusions reached above, the judgment of the lower court is reversed, and the case is remanded for a new trial in accordance with this opinion.

*Reversed and remanded.*