141 So. 259

### POWELL v. STATE.
### 8 Div. 338.

Court of Appeals of Alabama.
March 1, 1932.

Rehearing Denied March 22, 1932.

Taylor, Richardson & Sparkman and Robt. W. Milner, all of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of five years.

The testimony offered on behalf of the state, and that offered on behalf of appellant, was in sharp conflict; that on behalf of the state tending to show an inexcusable murder; that on behalf of appellant tending to show a complete justification of his deed, in shooting and killing deceased, a mere lad, by reason of self-defense. We do not see that a further discussion of the testimony is necessary.

No exception, worthy of mention, was reserved to any ruling made upon the taking of said testimony.

The only matters requiring any discussion by us are the several written charges requested by, and refused to, appellant. And, really, these call for but slight mention.

The court, in addition to its ample oral charge, gave to the jury, at appellant's request, some thirty-four written charges, a number of them very comprehensive, and of unusual length.

The oral and written charges given to the jury, we are persuaded, covered, fully, completely, and, if anything, more favorably to appellant than he could legally ask, every applicable principle of law involved in the case.

This, in itself, was sufficient reason for refusing the written charges above referred to.

So, without committing ourselves to the proposition that all, or any specific one, of the written, requested, and refused charges stated a correct rule of applicable law, and should, otherwise, have been given, upon the consideration referred to in the next preceding paragraph, we state, and hold, after carefully examining each of said refused charges, that there was prejudicial error in the refusal of none of same.

Finding no prejudicial error in the record, the judgment of conviction must be, and is, affirmed.

Affirmed.