(125 So. 799)

### CITY OF BIRMINGHAM v. WALTHALL.
### (6 Div. 385.)

Court of Appeals of Alabama.  Oct. 29, 1929.

Rehearing Denied Nov. 19, 1929.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Horace C. Wilkinson, of Birmingham, for appellant.

Mullins & Jenkins, of Birmingham, for appellee.

BRICKEN, P. J. This appeal is from a judgment for $300 rendered in favor of appellee as a result of her suit, against the city of Birmingham, for personal injuries claimed to have been sustained by her on account of a defect, alleged by the plaintiff to have been in a certain public street in said city.

The complaint claimed damages of $10,000 and by leave of the court was amended as to matters of form and substance.

Appellant, city, strenuously insisted in the court below, and now insists here, that the complaint as amended does not show that the hole in question was an actionable defect in the street, or that it constituted a defective condition; also that the hole was not described with sufficient certainty. The demurrers raising these questions contained 87 grounds. These demurrers being overruled by the trial court, defendant interposed plea in short by consent, the general issue, etc.

The action of the court in overruling the demurrer is made the principal insistence of error on this appeal. We do not accord to this insistence, and are of the opinion that the complaint as amended met every requirement of good pleading. The court properly so held. The complaint shows the plaintiff was injured, and how she was injured; it shows the place where the injury occurred, and the existence of a defect in a public street or avenue consisting of a hole in a wooden bridge on said street, and it ascribes plaintiff's injuries proximately to the negligence of the defendant in negligently causing or negligently allowing said defect to be or remain in said public street or public avenue. The complaint also shows the filing of the necessary statutory claim. As stated, we think the complaint as amended was sufficient to inform the municipal authorities of the manner in which the injury was received and the time and place where the accident occurred, the damage claimed, and the substantial nature and character of the injury received. These and other averments in the complaint met the required rule. City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382.

The facts in this case, as shown by the evidence, presented a jury question. The cause

was properly submitted to the jury, and we discover no reversible error in this connection.

It is ordered that the judgment of the lower court from which this appeal was taken will stand affirmed.

Affirmed.