184 So. 278

## CITY OF BIRMINGHAM v. JEFF.

### 6 Div. 205.

Court of Appeals of Alabama.

March 29, 1938.

Rehearing Denied April 19, 1938.

Reversed on Mandate Nov. 1, 1938.

C. W. Greer and George Frey, both of Birmingham, for appellee.

Clarence Mullins, W. J. Wynn, and Harvey T. Deramus, all of Birmingham, for appellant.

BRICKEN, Presiding Judge.

The complaint in this case, as originally filed, was against several designated defendants, but upon the trial, by proper orders, the court eliminated all defendants except this appellant, City of Birmingham, against whom the jury returned a verdict in favor of plaintiff assessing her damages at $500, and judgment was rendered accordingly, from which this appeal was taken.

The cause was submitted to the jury only upon count A, which claims of the defendants the sum of $10,000, as damages,

averring that on, to wit, June 28, 1936, the plaintiff, while walking along the east sidewalk of Fifty-Sixth street a short distance south of where said street intersects First Avenue South, in the City of Birmingham, she stumbled and fell into, over, or against two small metal wheels protruding approximately four inches from the surface of the sidewalk, and which wheels were partially obscured by grass growing in the sidewalk, which is alleged to constitute a defect, and the count alleges that all of the plaintiff's injuries were proximately caused by the negligence of the defendants in negligently causing or negligently allowing said defect to be or remain in the sidewalk. This count further avers 'the presentation of the sworn statement of the plaintiff's claim to the city clerk of the City of Birmingham, stating substantially the manner in which her injuries were received and the time, day and place where the accident occurred, the damages claimed, and stating with substantial accuracy the nature and character of the injuries she received, and the street and house number where the plaintiff resided at the time of said accident.

The averments with reference to the presentation of said claim followed the language of the statute.

The claim referred to was as follows:

"President James M. Jones, Jr. President of the City Commission, City of Birmingham, Jefferson County, Alabama.

"The undersigned Mrs. Herbert Jeff represents to you as President of the City Commission that she has this day filed with the Clerk of the City Commission the following sworn statement:

"Mrs. Eunice Hewes, Clerk of the City Commission, City of Birmingham, Alabama.

"The undersigned Mrs. Herbert Jeff who is over the age of twenty-one years and who resides at 512 South 60th Street, Birmingham, Alabama was injured on Sunday night, June 28th, 1936 about 9:20 P. M. by stepping, stumbling or falling into and over a defect in a public street or Highway located on the West side of sidewalk just off of First Avenue South and 56th Street; that she approached the sidewalk nearest to a building occupied by Newman's Cleaners in the City of Birmingham, Jefferson County, Alabama.

The claimant avers that a few inches just off the sidewalk and between the sidewalk and the curb in what is commonly called a 'grass plot' there was at the time of said injury, four pipes standing out of the ground and protruding for several inches above the level of the sidewalk. That between these pipes were and are two small wheels, which at the time of said injury were hidden by grass which had grown over or become matted over them. The said pipes and wheels as herein set out are approximately twelve inches from the edge of the sidewalk and are approximately two or three feet from the curb line. Claimant avers that said obstructions or defects herein described are along the East sidewalk of 56th Street just North of First Avenue South, which said public street at the point herein described was used as a public sidewalk for pedestrians and was a public highway or public street or public sidewalk in said City, County and State on said above named date.

"For the injuries herein before set out said Mrs. Herbert Jeff claims of the City of Birmingham, a municipal corporation the sum of Ten Thousand (10,000) Dollars, as damages, which said injuries and damages consists of the following: her right arm was broken at or near the elbow; her legs were badly bruised, lacerated, sprained and wrenched; that she suffered great physical pain and mental anguish, that she was made sick and sore, and that she is permanently injured. That she was caused to expend sums of money for doctors and doctors bills and medical treatment.

"The substantial manner in which the said Mrs. Herbert Jeff received her injuries and damages herein alleged was that she had been to a church meeting on 56th Street just off First Avenue South in Birmingham, Alabama and while stepping onto said sidewalk from the Street in an easterly direction her foot caught under one of the wheels or pipes placed near said sidewalk as heretofore alleged; that said accident happened in the night time and that there were no lights or other warning signals of said obstructions or defects; and from an examination of the place where the said accident happened, the place readily showed that this dangerous condition has existed for a great length of time and was known to the City of Birmingham or those charg-

ed with the duty of inspecting and keeping in a safe condition the street and sidewalks of said city or by the exercise of reasonable care and diligence should have been known by the said City of Birmingham.

"Mrs. Herbert Jeff

"State of Alabama
."Jefferson County.

"And demand is hereby made on you, as President of said City Commission of the City Birmingham, Alabama for the payment of this amount as herein above claimed; demand is also made on you to give me the name of all parties, if any, proper to be joined in civil action against the said City of Birmingham for the injury received as shown by the above statement filed with the City Clerk of the City Commission of the City of Birmingham, Alabama.

"Mrs. Herbert Jeff by
George Frey, her attorney.

"State of Alabama
"Jefferson County.

"Before me, the undersigned authority in and for said County and said State, personally appeared Mrs. Herbert Jeff, who by me first duly sworn deposes and says that the averments of the foregoing statement and demand are true.

"Witness my hand on this the 30 day of June, 1936.

"Ruby Sheehan
"Notary Public.

"As Clerk of the City Commission of the City of Birmingham, Alabama, I hereby accept service and receipt of the original, of which the above statement is a correct copy.

"Witness my hand on this the 2nd day of July, 1936.

"Nona S. Williams
"Clerk of the City Commission
City of Birmingham, Alabama."

In compliance with the demand, supra, the following reply was received by appellee:

"July 13, 1936.

"Mrs. Herbert Jeff,
"Care of Mr. George Frey,
"Attorney for Mrs. Herbert Jeff,
"First National Bank Bldg,
"Birmingham, Ala.

"Dear Madam:

"In compliance with demand filed by you July 2nd, 1936, for the name or names of parties jointly liable with the City of Birmingham for personal injury to you, you are advised that, if the City of Birmingham is liable at all for said injury, Mrs. M. Q. Newman and Raymond B. Davis are jointly liable with the City.

"Yours very truly,
"J. M. Jones, Jr.,
"President City Commission,
"By W. J. Wynn,
"City Attorney."

Plaintiff offered testimony tending to sustain the material allegations of her complaint.

Defendant's witness P. M. Owens testified, among other things, he was assistant city engineer in the employ of appellant, and had been with the city in the engineering department for fourteen years; that for a number of years he had been familiar with the location out there on First avenue and Fifty-Sixth street where the accident happened, and for a long time been familiar with the location of "Newman's Cleaners Building"; that the city sent him out to that location shortly after the accident happened and that he found the defect of which appellee complained; also, that one of his duties was to look after defects in the city streets that might cause injury to pedestrians.

The several assignments of error, as we see it, are directed to the one proposition involved upon this appeal, the point of decision being whether or not there was a material variance between the location of the place of the accident as set out in plaintiff's sworn statement of her claim and the location of the place of the accident as disclosed by the evidence.

The claim of plaintiff, supra, was formulated and presented under the provisions of section 12 of the General Acts of Alabama, 1915, p. 298, which reads as follows: "Sec. 12. No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and

the street and house number where the party injured resides."

As will be noted, the above statute provides that the claim of an alleged injured party shall state substantially (1) the manner in which the injury was received; (2) the day and time, and the place, where the accident occurred; and (3) the damage claimed, stating with substantial accuracy the nature and character of the injury received, etc.

The record discloses that in the claim appellee presented to appellant she stated accurately the place where she was hurt, named the building adjacent to the place where the accident happened, also named the street and described the portion of the building where the defects complained of were, and in said claim complied with every other requirement of the statute, supra, but she did use the word "North" in one part of her claim when the word "South" should have been used. It affirmatively appears that no confusion of any character was occasioned by the mistake, and there is nothing to indicate that appellant was misled in any manner by the error. This conclusively appears from the fact that appellant sent its engineer out to the identical place of the accident, "shortly after it happened," and that he found the defect of which appellee complained. In addition to this, as above stated, after appellee had filed her claim with appellant and demanded to know, from appellant, the names of any persons who might be jointly liable for the injury she received, appellant promptly wrote her, supra, advising that, if it was liable, the two other original defendants were also liable.

The statute in question has been given a liberal construction, not requiring technical accuracy, and in numerous decisions it has been held that it is sufficient if it informs the authorities of the manner of the injury, the time and place, and the amount claimed, with the nature and character of the injuries. Maise v. City of Gadsden, 232 Ala. 82, 166 So. 795, and cases cited.

The purpose of the statute in requiring a claim to be presented to a municipality is to apprise the officers thereof of the facts surrounding the claim so that it may be examined as to its bona fides, and also with the view of preparing a defense to it, or a settlement of it. We are not prepared to hold that the claim statute was intended that the terms of the notice should be used as a stumbling block or pitfall to prevent or preclude recovery by meritorious claimants.

Under the state of facts indicated above, we conclude there was no material variance between the notice and the evidence descriptive of the place where appellee's injury was received, and that the notice, therefore, was sufficient.

The judgment of the lower court from which this appeal was taken will accordingly stand affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281.