195 So. 777

## CITY OF BIRMINGHAM v. DRUMMOND.

### 6 Div. 534.

Court of Appeals of Alabama.

March 26, 1940.

Rehearing Denied April 30, 1940.

W. J. Wynn and John S. Foster, both of Birmingham, for appellant.

Wilkinson & Wilkinson and Frank A. Wilkinson, Jr., all of Birmingham, for appellee.

RICE, Judge.

Appellee had judgment against appellant, in a suit for damages for personal injuries, based on the verdict of a jury, in the sum of $500.

Her complaint, consisting of but a single count, considered in connection with the exhibit accompanying it, and incorporated in it by reference (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90), averred—in addition to cataloging her injuries—as follows, to-wit:

"That the City of Birmingham failed to erect proper barricades, cross-walks and take other necessary steps for the prevention of accidents to pedestrians at the corner of 19th Street and 3rd Avenue in the City of Birmingham, at and during the time that the said City of Birmingham was making repairs on 3rd Avenue near 19th Street along that portion of 3rd Avenue which abuts the real estate on which the building known as Loveman, Joseph & Loeb was erected. That the said City of Birmingham at said place permitted the street to be and remain in a bad state of repair, and that it was necessary for passengers dismounting from South Ensley street cars to pass through the area under repair and as to which the City of Birmingham had failed to safeguard such pedestrians * * *. That while plaintiff was walking along across said avenue, at said point, she was thrown or caused to fall by an obstruction in said street at said point. * * *

"Plaintiff avers that a servant, agent or employee of the defendant, acting within the line and scope of his employment as such, whose name is unknown to the plaintiff, engaged in work for the defendant, while acting within the line and scope of his duty, negligently caused the plaintiff to sustain the injuries and damages complained of by negligently causing said pile of material to be or negligently allowing said pile of material to remain in said street at said point, and as a proximate consequence of said negligence, plaintiff was thrown or caused to fall and sustain the injuries and damages complained of."

The demurrers to the complaint were properly overruled. City of Huntsville v. Phillips, 191 Ala. 524, 67 So. 664; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Birmingham v. Walthall, 23 Ala.App. 314, 125 So. 799, certiorari denied Id., 220 Ala. 428, 125 So. 800.

Appellant's able argument as to the insufficiency of the complaint is valueless to us, for the reason its counsel seem to have left out of consideration, altogether, the *exhibit* made a part of same by attachment and reference.

Appellant pleaded "in short by consent the general issue with leave to give in evidence any matter which if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded; and with leave to the plaintiff (appellee) to give in evidence any matter, which if well pleaded, would be admissible in reply to

such defensive matter, to have effect as if so pleaded."

█ It is the law that before any recovery could be had in a suit such as this, the plaintiff (appellee, here) must have alleged and proved that she had filed a statement "according to the substantial requirements of the statute." Section 12, Gen.Acts Ala.1915, p. 298; McCall v. City of Birmingham, 234 Ala. 164, 174 So. 630, 632.

Appellee alleged that she had filed such statement. But motion was made, and overruled, to exclude her "proof" of such allegation. And the exception to this ruling is one of the principal reliances of the appellant for the reversal of the judgment rendered against it.

█ The decision of the question thus raised is one of much difficulty for us. We are, of course, bound to follow the decisions of our own Supreme Court. Code 1923, § 7318.

█ That Court, as well as practically all—we believe, all—of the other Courts whose decisions we have examined, is definitely committed to the doctrine that in construing the requirements of Statutes such as the above (Sec. 12, Gen.Acts Ala. 1915, p. 298) "technical accuracy is not required, but * * * substantial compliance with the statute is sufficient"—it being also said by our Supreme Court, that: "It was not intended that the terms of the notice should be used as a stumbling-block or pitfall to prevent recovery by meritorious claimants." McKinnon v. City of Birmingham et al., 196 Ala. 56, 71 So. 463, 464.

█ True it is, though, that our Supreme Court specifically holds that the requirement in the above herein cited Statute that the sworn statement to be filed with the City Clerk should state "the street and house number where the party injured resides" is mandatory. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874, 875.

But, besides the utterances of our own Supreme Court to the effect that "technical accuracy is not required," and that "substantial compliance with the statute is sufficient," *some* courts hold that "where there is a bona fide and substantial attempt to comply with the law, and there is no evident intent to mislead, the notice will be held sufficient in the absence of any evidence *that it was in fact misleading.*" (Italics our own.) See note to Wagner et al. v. City of Seattle, Wash.Sup.Ct., Ann. Cas.1916E, 720, 723.

This latter would appear to be the case here. It seems that plaintiff (appellee)—for aught that is apparent—in filing her statement with the City (Sec. 12, Gen. Acts Ala.1915, p. 298) made a "bona fide (we'll leave out 'and substantial,' being uncertain) attempt to comply with the law." And there is an absence of evidence that the City (appellant) was "in fact misled." So, if the question were an original one with us, we would feel disposed to apply the rule of the Washington Supreme Court quoted above as a part of the note in Ann.Cas.1916E, 720, 723. But we seem foreclosed. Code 1923, § 7318.

█ It is without dispute that, whereas the "statement" filed by appellee with the City, as a preliminary to her suit (Sec. 12, Gen.Acts 1915, supra), gave her address as "824 Valley Road Place, *Fairfield,* Alabama," she, as a matter of fact, resided at "824 Valley Road Place, *Birmingham,* Alabama"—Fairfield, of course, being a separate municipality. Appellant asked, because of this "fatal" defect in the notice (statement) filed with it under the terms of the Statute, that the jury be given its written charge that it could not find in favor of appellee. Grambs v. City of Birmingham, supra.

In our recent case of City of Birmingham v. Jeff, 28 Ala.App. 343, 184 So. 278, 280, speaking through our Presiding Judge, we said:

"The claim of plaintiff * * * was formulated and presented under the provisions of section 12 of the General Acts of Alabama, 1915, p. 298, which reads as follows: 'Sec. 12. No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides.'

"As will be noted, the above statute provides that the claim of an alleged injured

party shall state substantially (1) the manner in which the injury was received; (2) the day and time, and the place, where the accident occurred ; and (3) the damage claimed, stating with substantial accuracy the nature and character of the injury received, etc.

"The record discloses that in the claim appellee presented to appellant she stated accurately the place where she was hurt, named the building adjacent to the place where the accident happened, also named the street and described the portion of the building where the defects complained of were, and in said claim complied with every other requirement of the statute, supra, *but she did use the word 'North' in one part of her claim when the word 'South' should have been used. It affirmatively appears that no confusion of any character was occasioned by the mistake, and there is nothing to indicate that appellant was misled in any manner by the error.* This conclusively appears from the fact that appellant sent its engineer out to the identical place of the accident, 'shortly after it happened,' and that he found the defect of which appellee complained. In addition to this, as above stated, after appellee had filed her claim with appellant and demanded to know, from appellant, the names of any persons who might be jointly liable for the injury she received, appellant promptly wrote her, supra, advising that, if it was liable, the two other original defendants were also liable.

"The statute in question has been given a liberal construction, not requiring technical accuracy, and in numerous decisions it has been held that it is sufficient if it informs the authorities of the manner of the injury, the time and place, and the amount claimed, with the nature and character of the injuries. Maise v. City of Gadsden, 232 Ala. 82, 166 So. 795, and cases cited.

"The purpose of the statute in requiring a claim to be presented to a municipality is to apprise the officers thereof of the facts surrounding the claim so that it may be examined as to its bona fides, and also with the view of preparing a defense to it, or a settlement of it. *We are not prepared to hold that the claim statute was intended that the terms of the notice should be used as a stumbling block or pitfall to prevent or preclude recovery by meritorious claimants.*

"Under the state of facts indicated above, we conclude there was no material variance between the notice and the evidence descriptive of the place where appellee's injury was received, and that the notice, therefore, was sufficient."

In reversing our said decision just indicated, our Supreme Court, speaking through the Chief Justice (City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281), with all the Justices concurring said:

"The sole question presented for our review is the soundness of the opinion of the Court of Appeals in the holding that the variance between the statutory notice or demand as to the location of the defect causing the plaintiff's injury and the proof of a different place was not fatal to a recovery and 'did not constitute a reversal of the judgment of the trial court.

"This case is identical in principle and quite similar in facts to the case of Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63, as they both relate to injuries sustained because of defects in a street or sidewalk, one being a hole and the other being an obstruction. It was brought out in the Brannon Case, supra, the importance and materiality of accuracy required in the notice as to the location of the defect producing the injury and the opinion of the Court of Appeals is in conflict with said case."

In the opinion in the case of Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63, 64—cited and relied on by the Chief Justice—he, again speaking for the Supreme Court, said: "It may be that the statute only requires a substantial statement of the injury as well as of the time and place of same, and does not require the naming of the exact hour of the day or night, or the identical spot, but it does contemplate that the claim should at least specify the subdivision of the city—that is, the street and block, or designate the same as being between certain streets and avenues, as the case may be—and should at least say whether the injury was sustained during the day or night if the exact hour is not given. The plaintiff attempted to comply with the statute as to the designation of the place, and fixed it in her sworn statement and complaint as being Forty-Ninth street, between Tenth and Eleventh avenues, but the proof showed that the injury was sustained between Ninth and Tenth avenues, on an entirely different block from the one named in the statement and complaint, and there was, of course, a fatal variance. Bland v. City of Mobile,

supra [142 Ala. 142, 37 So. 843]. The variance was material, for the statement filed with the city designated a certain block between Tenth and Eleventh avenues, and the authorities, upon investigation, may have found no hole and would naturally make no attempt looking to a settlement of the claim, when, if the proper place had been set out, they may have discovered the defect, and would doubtless have attempted an adjustment of the said claim before being put to the expense and trouble of a lawsuit."

Now we are unable to distinguish, in principle, the law as applied by the Supreme Court in its decision on certiorari in the Jeff case, supra (236 Ala. 540, 184 So. 281), and the law applicable to the decision of the question we are now discussing. In Johnson v. Troy, 24 App.Div. 602, 48 N.Y.S. 998—a case discussed in the note to Wagner et al. v. City of Seattle in Ann.Cas.1916E, 720, 722, supra—it was said that the object of a Statute of this nature was to apprise the municipality at an early date of the existence of a claim, in order that it might have an opportunity to investigate it, and that *it was frequently just as important to investigate the claimant as it was the claim, so that notice of who he was, and where he would be found, might be of just as much importance as notice of where, how, and when the injury occurred.* (Italics supplied by us.)

The italicized portion of the holding by the New York Court seems to us obviously correct.

Well, if so, our duty, here seems inescapable. If it was fatal to give notice (to so refer to the filing of the "statement" required by the Statute, supra) of an accident occurring at "Forty-ninth street, between *Tenth* and *Eleventh* avenues," whereas the accident actually occurred at "Forty-ninth street between *Ninth* and *Tenth* avenues" (Brannon v. City of Birmingham, supra); or to give notice of an accident occurring "just off of First Avenue *South* and 56th Street," whereas the accident actually occurred "just off of First Avenue *North* and 56th Street"—the actual place being fixed with reference to a well known, well established, *business* structure—and it appearing the city was not "misled" (City of Birmingham v. Jeff, supra); then we must hold here, as we do, that to give, in the essentially prerequisite statement filed under the Statute, the claimant's address as "824 Valley Road

Place, *Fairfield,* Alabama," whereas she actually resided at "824 Valley Road Place, *Birmingham,* Alabama" was a defect fatal to her recovery. Exactly what was said, and all that was said, by the Chief Justice in his opinion in the case of Brannon v. City of Birmingham, supra, with reference to the authorities looking for the "hole" (defect in the sidewalk) might just as well be repeated, here, with reference to any investigation the city authorities may have cared to make of the claimant. And it was their due to be correctly apprised of her address.

So, for the refusal to exclude the "statement" by appellee—fatally defective as it was—from the evidence, or for the refusal to give to the jury at appellant's request the general affirmative charge to find in its favor—because of the failure to give, *correctly,* the "street and house number *where the injured party resides* (resided)," in said "statement," the judgment is reversed. And, it being plain that the "defective notice" (to call it that—though we have been referring to it, above, as the "statement") cannot now, or ever, be corrected, judgment is here rendered that the appellant go hence, with its costs.

Reversed and rendered.