150 So.2d 717

William C. ALLBRITTON

v.

CITY OF BIRMINGHAM.

6 Div. 898.

Supreme Court of Alabama.
Feb. 28, 1963.

James, Beavers & Tingle, Birmingham, for appellant.

Weir, Shannon & Conerly, Birmingham, for appellee.

HARWOOD, Justice.

Suit below arose from injuries sustained by the appellant which he averred resulted from stepping on a defectively placed culvert top as he was walking across a public street in the City of Birmingham, Alabama.

The notice of the injury served upon the clerk of the City of Birmingham was incorporated in haec verba in Count III of the complaint, the presentation of the claim having been alleged by way of conclusion in Counts I and II.

The City filed a demurrer to the complaint as amended by Count III. Several of the grounds of the demurrer are directed at the sufficiency of the notice of the injury presented to the City of Birmingham, several grounds specifically attacking the notice of injury because of alleged failure to aver with sufficient certainty the place or location where the alleged injury occurred.

The court sustained the demurrer to the complaint, and the plaintiff below declined to plead further, but took a non suit on account of such adverse ruling.

■ Where the complaint incorporates the notice required to be served on the City Clerk, a defect in the notice will subject the complaint to an appropriate demurrer, McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463.

Section 659, Title 62, Code of Alabama 1940, provides:

"Claims for personal injury and property damage filed within ninety days.—No suit shall be brought or maintained nor shall any recovery be had against the city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides. (1915, p. 294.)"

The notice of the injury given by the plaintiff below, appellant here, reads:

"Comes the undersigned William C. Allbritton, who resides at 1319–22nd Street South, Birmingham, Jefferson County, Alabama, and states that on the 10th day of March, 1956, at about 7:45 A.M. he was crossing 21st Place South, about fifteen feet southerly from the southerly intersection line, and was walking from the Northeasterly side to the Southwesterly side of 21st Place South, and when he stepped from the street to the curb, he stepped on a Culvert Top which was defectively fitted to the Culvert, but in such a manner it could not be observed by him in the exercise of reasonable diligence; that when he stepped on the top which was made of heavy metal it gave way and caused Claimant to fall into the Culvert feet first, and Claimants legs, feet and thighs were severely bruised, contused, ligiments pulled and caused to swell and Claimant has been advised he is permanently injury, for which Claimant claims $10,000.00."

A compliance with Section 659, supra, is mandatory, and a condition precedent to the bringing of action against the City of Birmingham. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874, though it is well settled that technical compliance is not required, and a substantial compliance will suffice. Tolbert v. City of Birmingham, 262 Ala. 674, 81 So.2d 336, 63 A.L.R.2d 901, and cases cited therein.

We consider the chief issue raised in this appeal is whether that part of the notice given the City of Birmingham described the location of the place of injury as being, " * * * as he was crossing 21st Place South, about fifteen feet southerly from the southerly intersection line, and was walking from the Northeasterly side to the Southwesterly side of 21st Place South, * * *" is a substantial compliance with Section 659, supra, which requires the City to be informed in the notice of the place where the accident occurred.

The purpose of the notice required by Section 659, supra, is to afford the City a basis for, and the opportunity to, investigate the claim, its bona fides examined, and a defense or settlement determined upon. Tolbert v. City of Birmingham, supra; Birmingham v. Jeff, 28 Ala.App. 343, 184 So. 278.

In the complaint, 21st Place South is described as a public street in the City of Birmingham. While a street may be only one block long, the usual and normal is for a street to be of greater length. Pleadings must be construed most strongly against the pleader. In the absence of any showing that 21st Place South was only a block long, we must assume it was of greater length.

This being so, we think the validity of the notice, within the aspect in which it is questioned, is within the influence of the observation of the late Chief Justice Anderson in Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63, wherein writing for the court, he observed:

"It may be that the statute only requires a substantial statement of the injury as well as of the time and place of same, and does not require the naming of the exact hour of the day or night, or the identical spot, but it does contemplate that the claim should at least specify the subdivision of the city —that is, the street and block, or designate the same as being between certain streets and avenues, as the case may be —* * *."

 We hold that the notice of the claim given by the appellant was deficient to the degree that it cannot be deemed to have given the City a substantial notice as to the locality of the accident. The court below properly sustained the demurrer to the complaint in this aspect.

 The complaint also alleges that:

"* * * within an hour after he received his alleged injuries he notified the City of Birmingham of the accident where it occurred by telephone to the Department of Public Safety and that the Department of Public Safety sent a representative, namely a policeman, who came to the office of his employer in the Martin Building and there interviewed Plaintiff receiving all information concerning his injuries, the place where the same occurred and the time when the accident occurred and observed his alleged injuries."

These averments cannot avail the appellant. A telephone report to the Department of Public Safety, and a later interview with a policeman relative to the claim is in no wise a compliance with the clear mandate of Section 659, supra, that the party injured should file a *sworn statement with the City Clerk, or officer corresponding thereto.*

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.