# Brannon *v.* City of Birmingham.

## *Damage on Account of Defective Street.*

### (Decided May 9, 1912.   59   South.   63.)

1. *Municipal Corporation; Defective Street; Claim; Notice.*—A compliance with the mandates of section 1275, Code 1907 is a condition precedent to the maintenance of an action against a municipality for personal injury because of a defect in a street.

2. *Same.*—Section 1275, Code 1907, contemplates that a claim shall at least specify the street and block of the city, or designate the place as between streets and avenues, and the variance between a notice designating the place as on a street between certain avenues, and the proof that the injury was sustained on said street between certain other avenues, is fatal.

3. *Appeal and Error; Review; Directed Verdict.*—Where the bill of exceptions does not purport to set out all the evidence, the appellate court cannot reverse a trial court for directing a verdict for defendant, as all reasonable presumptions are indulged in support of the action of the trial court.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mrs. M. E. Brannon against the City of Birmingham for injuries occasioned by a defective street. From a judgment for defendant, plaintiff appeals. Affirmed.

The complaint alleges that on, to wit, the 11th day of June, 1910, while plaintiff was passing along the public highway in the city of Birmingham, Jefferson county, Ala., to wit, Forty-Ninth street, between Tenth and Eleventh avenues, in said city, plaintiff was thrown, or caused to fall and be injured, etc.   The complaint was afterwards amended by striking out the words, "Forty-Ninth street, between Tenth and Eleventh avenues," wherever they occurred in the complaint.   The evidence of plaintiff showed that the fall occurred between her home and the car line on Tenth avenue, that she lived

on the corner of Ninth avenue and Forty-Ninth street, and that the injury occurred on Forty-Ninth street, between Ninth and Tenth avenues. The claim filed stated that Mrs. Brannon claimed from the city the sum of $3,000 as damages, for that on the 11th day of June, 1910, she received personal injuries in and about her head, body, and limbs, by falling into or stepping into a hole or excavation in a certain sidewalk or bridge across, over, or along a certain sidewalk at Forty-Ninth street, between Tenth and Eleventh avenues, in said city, and then follows the list of her damages. At the conclusion of the evidence the court gave the affirmative charge for the defendant at its request.

ALLEN & BELL, for appellant. The claim was sufficiently presented.—*Newman v. M. & A. of Birmingham*, 109 Ala. 630; *Barrett v. Mobile*, 129 Ala. 179; *Bland v. City of Mobile*, 142 Ala. 142; *Anderson v. City of Birmingham*, in MSS.; *City of Birmingham v. Darden*, 55 South. 1014. Under the statute, exact technical accuracy is not required.—*City of New Decatur v. Chappell*, 56 South. 764, and authorities supra. It is insisted therefore that there was no variance between the allegations as to the place of the accident, and the proof.

M. M. ULLMAN, and ROMAINE BOYD, for appellee. The bill of exceptions does not purport to set out all the evidence, and the court will not reverse for the giving of the affirmative charge.—*Wes. Ry. v. Williamson*, 114 Ala. 113; *Griffin v. Bland*, 43 Ala. 542. There was a variance between the allegation and the proof as to the place of the accident, fatal to a recovery.—*Bland v. City of Mobile*, 142 Ala. 142; *New Decatur v. Chappell*, 56 South. 764. A proper claim filed is a condition precedent to a recovery of damages, on account of a defect in a street.—Sec. 1275, Code 1907, and authorites supra.

ANDERSON, J.—Section 1275 of the Code of 1907 says: "No recovery shall be had against any city or town on a claim for personal injury received unless a sworn statement be filed with the clerk, by the party injured, or his personal representative in case of his death, stating substantially the manner in which the injury was received and the day and time, and the place where the accident occurred, and the damages claimed." Statutes similar to this one have been previously construed by this court wherein it was held that they were designed for the purpose of giving the city authorities an opportunity to investigate and adjust claims made against the city, without the expense of litigation, and that a compliance therewith on the part of the plaintiff was a condition precedent to the maintenance of a suit. —*Newman v. Birmingham,* 109 Ala. 630, 19 South. 902; *Bland v. Mobile,* 142 Ala. 142, 37 South. 843.

It may be that the statute only requires a substantial statement of the injury as well as of the time and place of same, and does not require the naming of the exact hour of the day or night, or the identical spot, but it does contemplate that the claim should at least specify the subdivision of the city—that is, the street and block, or designate the same as being between certain streets and avenues, as the case may be—and should at least say whether during the day or night if the exact hour is not given. The plaintiff attempted to comply with the statute as to the designation of the place, and fixed it in her sworn statement and complaint as being Forty-Ninth street, between Tenth and Eleventh avenues, but the proof showed that the injury was sustained between Ninth and Tenth avenues, on an entirely different block from the one named in the statement and complaint, and there was, of course, a fatal variance.—*Bland v. City of Mobile, supra.* The variance was material, for the

statement filed with the city designated a certain block between Tenth and Eleventh avenues, and the authorities, upon investigation, may have found no hole and would naturally make no attempt looking to a settlement of the claim, when, if the proper place had been set out, they may have discovered the defect, and would doubtless have attempted an adjustment of the said claim before being put to the expense and trouble of a lawsuit.

Moreover, the bill of exceptions does not purport to set out all the evidence, and, if the statute was susceptible of a different construction and the variance was not fatal, we could not reverse the trial court for giving the general charge for the defendant as there may have been evidence showing a complete, undisputed defense to the action.

The judgment of the city court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.