163 So. 611

## CITY OF BIRMINGHAM v. SMITH.

### 6 Div. 651.

Supreme Court of Alabama.
Oct. 17, 1935.

See, also, Ex parte Smith, 228 Ala. 232, 153 So. 152.

W. J. Wynn, Clarence Mullins, and Harvey Deramus, all of Birmingham, for appellant.

Taylor & Higgins and Chas. W. Greer, all of Birmingham, for appellee.

**BOULDIN, Justice.**

Action against a city for personal injuries resulting from negligence in maintaining a public sidewalk.

■ Amended count 2, on which the cause was tried, alleged that plaintiff was walking on and along the sidewalk, part of a public highway in the city.

This was the use for which sidewalks are made, and discloses a duty of the city to maintain same in a reasonably safe condition for the use of pedestrians.

The count then charges that while plaintiff was walking on and along the sidewalk at a designated point, "she fell into a hole, depression or excavation in said sidewalk, which hole, depression or excavation was without guards or other lights or warning signals of the presence of said hole, depression or excavation and that as a proximate consequence thereof the plaintiff was caused to suffer and sustain all of the injuries and damages set forth and described in count 1 of her complaint. And plaintiff avers that all of her said injuries and damages were caused as a proximate result of the negligence of the ·defendant in and about causing or permitting said hole, depression or excavation to be and remain in said sidewalk at the time and place aforesaid."

■ While this count does not expressly aver a "defect" or "dangerous condition," the facts averred reasonably import the same thing. A "hole, depression or excavation" such as a pedestrian may and does fall into and receive the severe injuries alleged, and left without guards or warning signals is, prima facie, a dangerous defect.

■ A count which alleges facts from which negligence may be reasonably inferred, followed by averments of negligence, whereby the plaintiff assumes the burden to prove negligence in the particular case, is sufficient. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; Birmingham Railway, Light & Power Co. v. Weathers, 164 Ala. 23, 51 So. 303; Birmingham Railway, Light & Power Co. v. Parker, 156 Ala. 251, 47 So. 138; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Garing v. Boynton et al., 224 Ala. 22, 138 So. 279; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473.

■ A general averment of "negligence in permitting same to be and remain" in the sidewalk is a sufficient averment that such condition was known, or, in the exercise of reasonable care, would have been known, to the city authorities. Lord v. City of Mobile, 113 Ala. 360, 21 So. 366; City of Anniston v. Ivey, 151 Ala. 392, 44 So. 48; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Albany v. Black, 216 Ala. 4, 112 So. 433.

Demurrer to this count was overruled without error.

Evidence showed that at night plaintiff fell into an excavation constructed and used as an open drain ditch, which occupied the entire space of a section of the sidewalk so that one passing along the sidewalk

**98**

might suddenly step off into this ditch some 2 to 4 feet deep, with sharp rocks at bottom. Evidence tended to show no barriers or sufficient light to indicate this sudden ending of the sidewalk along a paved street.

Evidence tended to show some cuts and bruises, temporary in character, and what at first appeared to be a wrenched and sprained ankle.

It appears that, though swollen and painful, plaintiff continued for a time to use the foot, while having it treated. Later, the persistent trouble required nonuse of the foot, and plaintiff used crutches for several months.

After some time X-ray plates or pictures were made. Dr. I. L. Connell testified the X-ray showed a slight fracture of the base of the fifth metatarsal bone, a little long bone connecting the heel with the toe.

■ The court refused to defendant this charge: "If you believe the evidence you cannot award the plaintiff anything on account of any fracture of the bone of the foot."

The point made on appeal is that the complaint lists the specific injuries for which damages were claimed, and no fracture is included.

This injury is sufficiently covered by averments of injuries to leg and limb. The case of City of Birmingham v. Williams, 228 Ala. 456, 153 So. 639, is not an authority opposed to this holding. That case, with authorities there cited, sustains the ruling of the trial court on this question.

■ Like charges sought to eliminate any recovery for "atrophy of the bone of the foot" and "atrophy of the bone of the leg." The physician testified that, on examination several months after the injury, the muscles of the left leg were atrophied, meaning soft and shrunken in size from nonuse; also that the bones of leg and foot had also atrophied, become honeycombed for want of adequate circulation and food supply, calling for special treatment to restore the full vitality of bone and muscles.

The refusal of these charges may be justified on the ground above stated. We regard such evidence, however, as not relating to a separate or distinct injury, but as merely going to show the extent of the injury, its natural progress and development; conditions growing out of the injury to the foot, resulting in the enforced nonuse of the limb.

■■ The verified statement of claim filed pursuant to Code, § 2031 (1275), gave plaintiff's place of residence "at 124 57th Street, South, in the City of Birmingham." The only evidence on the point was plaintiff's statement, "I live with my mother out in Woodlawn, 57th Street."

Appellant insists this was a material and essential part of the complaint; · that the evidence does not identify her place of residence as given in the verified statement, made part of the complaint; that plaintiff, therefore, failed to make out a case, and the city was entitled to the affirmative charge as requested.

The statute, as to Jefferson county (Gen. Acts 1915, p. 298), requires the verified claim to state plaintiff's place of residence by street and house number. Technical accuracy of proof of such averment is not necessary, if indeed proof of this averment is required. McDougall v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A. L. R. 1076. In any event, such omission in proof did not go to the "substantial right of recovery," and is within Circuit Court Rule 35, requiring such omission to be called to the attention of the court, etc.

■ We find no reversible error other than a denial of the motion for new trial on the ground that the verdict was excessive in amount.

The court has fully considered the evidence on this issue in conference. A detailed statement of same would serve no good purpose.

The court is of opinion that the verdict is clearly excessive, and the court erred in overruling this ground of the motion under the authority of Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, where our cases are reviewed and discussed.

Unless the plaintiff, within thirty days from this date, enter a remittitur under Code, § 6150, in the sum of $2,000, thus reducing the judgment to $3,000, the judgment will stand reversed and the cause remanded. On entry of such remittitur, the cause will stand affirmed for the reduced sum of $3,000.

Affirmed conditionally.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.