184 So. 281

### CITY OF BIRMINGHAM v. JEFF.

6 Div. 339.

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

Clarence Mullins, W. J. Wynn, and Harvey T. Deramus, all of Birmingham, for petitioner.

`C. W. Greer and Geo. Frey, both of Birmingham, opposed.

ANDERSON, Chief Justice.

The sole question presented for our review is the soundness of the opinion of the Court of Appeals in the holding that the variance between the statutory notice or demand as to the location of the defect causing the plaintiff's injury and the proof of a different place was not fatal to a recovery and did not constitute a reversal of the judgment of the trial court.

This case is identical in principle and quite similar in facts to the case of Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63, as they both relate to injuries sustained because of defects in a street or sidewalk, one being a hole and the other being an obstruction. It was brought out in the Brannon Case, supra, the importance and materiality of accuracy required in the notice as to the location of the defect producing the injury and the opinion of the Court of Appeals is in conflict with said case.

The case of Maise v. City of Gadsden, 232 Ala. 82, 166 So. 795, cited and relied upon by the Court of Appeals, is not in conflict with the Brannon Case, supra. That case was for an assault committed upon the plaintiff by an agent or servant of the defendant and a variance in the designation of the street was considered immaterial, the opinion referring approvingly to the Brannon Case and distinguishing it from the case in hand. The opinion, in effect, conceding that when the injury was by a defect in the street, the location of the defect should be accurately and particularly described and so proven, but such proof was not material when the injury arose or was caused by an assault and not from a defect in the street.

The writ is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court.

All the Justices concur.