186 So. 684

**RODGERS v. COMMERCIAL CASUALTY INS. CO.**

**4 Div. 74.**

Supreme Court of Alabama.

Feb. 16, 1939.

Tompkins & Ramsey, of Dothan, for appellee.

Martin & Jackson, of Dothan, for appellant.

GARDNER, Justice.

Plaintiff was the husband of Helen R. Rodgers, and the named beneficiary in an accident insurance policy, which contained the following clause:

"Section C. Or against loss of life.... $250.00 provided bodily injury effected as stated herein shall be the sole cause of the death of the insured within thirty days from the date of the event causing such injury and occurs:

"By being struck or knocked down or run over while walking across a public highway, on regular crossings at highway intersections only, by a vehicle propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power, excluding injuries sustained while on a railroad roadbed in violation of any statute or of any regulation of the railroad company".

Insured was killed when struck by an automobile a short distance from Ariton,

Alabama, while walking on what is known as the Bee Line Highway, and at the time was on the pavement of said highway, some few feet from its south side. The highway runs east and west. Insured and her husband were driving west, and parked the car on the right or north side of the highway, a short distance from an abandoned filling station, which was on the north side of the highway. Diagonally across the highway, in a southeasterly direction and on the south side was a toilet for ladies (so designated), and insured was crossing the highway on her way to the toilet when struck by the automobile.

The trial judge, upon conclusion of the evidence, gave for the defendant the affirmative charge upon the theory the place where insured met her death was not such a location as came within the coverage of the above noted clause of the policy. We are persuaded he correctly so determined.

■ Plaintiff lays much stress upon the accepted rule that doubtful terms in an insurance policy are to be construed favorably to the insured. 32 Corpus Juris 1147; John Hancock Life Ins. Co. v. Schroder, 235 Ala. 655, 180 So. 327.

■ But we have often had occasion to observe that true intent governs insurance contracts the same as others, and that though doubtful terms are to be construed in favor of the insured, yet no strained construction should be indulged to raise doubt. Life & Casualty Ins. Co. v. Bottoms, 225 Ala. 382, 143 So. 574; Hill v. Ocean Accident & G. Corp., 230 Ala. 590, 162 So. 376.

■ The policy here sued upon, as disclosed upon the face, is a "limited policy." It was issued upon consideration of a premium of one dollar a year, and the company's liability is hedged about by many limitations. Illustrative of these restrictions upon such liability is the provision embraced in the clause C here involved as to death by drowning. For liability to attach the insured must have been drowned at a public bathing beach or public swimming pool "while a life guard is on duty." If no life guard, there is no liability. Our cases recognize the same right of insurance companies (statutory provisions to one side) as individuals to limit their liability and to impose such conditions as they wish upon their obliga-

tions, not inconsistent with public policy, and that the courts are without right to add to or subtract therefrom. The companies have a right to write contracts with narrow coverage, and a small premium fixed on careful calculation of the hazard assumed. And we have said, speaking of such contracts, that "they should be enforced, not a new or enlarged contract made for the parties." Loveman, Joseph and Loeb v. Amsterdam Cas. Co., 233 Ala. 518, 173 So. 7, 10.

The policy here sued upon is of this character—one with very limited coverage, and we think it would be a strained and unreasonable interpretation of the contract to hold the place where insured was killed was within the meaning of the language of clause C of the policy. To the south of the highway was a path about three feet in width, which ran a length of forty feet to the toilet. It had been used by the public for twelve years. On the north side of the highway around the filling station, the ground was clear and no path appeared. There was of course no marking of any character on the pavement. True, people doubtless traveled across the highway from the filling station into the path to the toilet, but neither the surface of the ground between the filling station nor the paved highway displayed any sign of such travel. It rests with the imagination only.

■ We have considered the authorities noted by plaintiff, and the definitions of the word "intersection," as found in 33 Corpus Juris 475 and 476, but we discover nothing helpful therein to his cause. As stated in 33 Corpus Juris 474, the true sense of the word intersection must be ascertained by a full reference to the context in which it appears in the writing. And on the following page, it is said: "As applied to a street or highway, the space occupied by two streets at the point where they cross each other: the space of a street or highway common to both streets or highways."

■ Here no one could point out any point of intersection or any space common to both the path and the highway. Yet under the contract insured must have been killed while on a "regular pedestrians' crossing at a highway intersection only." It is clear enough it was not the intention that this point of intersection should be invisible and left to imagination. And as to the word "highway," its construction depends upon the intent as determined by the

context. 29 Corpus Juris 363. Broadly considered, it has been given a meaning to denote "every thoroughfare which is used by the public, whether it be a carriageway, a horseway, a footway, or a navigable river." Pappenburg v. State, 10 Ala.App. 224, 65 So. 418, 419; 29 Corpus Juris 364, 365. And a public highway is one opened to the general public use, though it is the right to travel upon the highway by all the world, and not the exercise of the right which makes the way a highway, nor is its character determined by the number of persons who actually use it for passage. 29 Corpus Juris 363; Ritter v. Hewitt, 236 Ala. 205, 181 So. 289. The definition of "highway" in our acts, General Acts 1927, page 364, is to the effect that the use of the public must be as a matter of right, as distinguished from a use by mere acquiescence of the owner of the soil. Luallen v. Woodstock Iron & Steel Corporation, 236 Ala. 621, 184 So. 182.

 The proof here goes no further than to show a use of the path by the public for twelve years, not as a matter of right but by acquiescence of the owner and no more. There has been no dedication, or use for prescriptive period of twenty years, and of course no condemnation for public use. No one could be heard to object if the owner destroyed the filling station and the toilet and closed the path from further use. Moragne v. City of Gadsden, 170 Ala. 124, 54 So. 518; Luallen v. Woodstock Iron & Steel Corporation, supra.

Considering the entire policy contract, we are inclined to the view the only reasonable construction to be placed upon the language used is that reference was had to a public highway. This is strengthened by reference to section 24, under "other provisions" of the policy, wherein it is expressly provided, as follows: "This insurance does not cover * * * death or loss while * * * standing, running or working on a public highway; while walking on a public highway or while walking across a public highway other than as provided under section C; while being struck on a public highway while employed or engaged on or about a conveyance."

Thus the contract emphasized the necessity that, to fasten liability upon the company, it must appear not only that insured was walking across a public highway, but that it must have been at a "regular pedestrian crossing at highway intersection." It would appear therefore, if this reasoning is correct, the ruling would be justified upon the theory the path was not a public highway, but a path only used by the public for a period of twelve years by acquiescence of the owner. But the exigencies of the case do not require a definite construction here as to that question. This for the reason there was no highway intersection in any event within the meaning of this policy.

Reduced to its last analysis, there was shown no more, so far as visible to the eye, than a path three feet wide and forty feet in length leading from the south side of the highway to the toilet. It would be indeed a strained construction to hold under this proof that insured, who was killed on the paved highway, was killed at a regular pedestrian crossing at a highway intersection. To construe the contract otherwise would be to make another contract for the parties.

We conclude the trial court correctly ruled, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.