197 So. 48

## CITY OF BIRMINGHAM v. LYNCH.

### 6 Div. 664.

Supreme Court of Alabama.

May 16, 1940.

Rehearing Denied June 20, 1940.

John S. Foster, of Birmingham, for petitioner.

John Ike Griffith, of Birmingham, opposed.

PER CURIAM.

Writ denied. GARDNER, C. J., and BOULDIN, BROWN and FOSTER, JJ., concur.

KNIGHT, J., not sitting.

THOMAS, J., dissenting.

## On Rehearing.

**PER CURIAM.**

The appellant, petitioner here, strenuously insists that the court in disposing of this case has ignored all former decisions, and the doctrine of stare decisis; that the court should either grant the appellant's rehearing or overrule Henderson v. Tennessee Coal, Iron & Ry. Co., 190 Ala. 126, 67 So. 414, 416, where it was said, inter alia: "This court, however, will look to all of the record before it for the purpose of ascertaining whether or not the errors shown were probably prejudicial, and even in cases of this kind, where no bill of exceptions is taken, if the given and refused charges are sent up in the record proper, we will look to them for the purpose of ascertaining whether or not the errors were probably injurious. The charges in this case have been sent up as a part of the record, and we find that the general charge requested by the defendant as to count 3 was refused, and which would indicate, in the absence of a bill of exceptions, that there was some proof in support of said count 3, else the charge would have been given. We also note the refusal of a charge requested by the plaintiff, which would prima facie indicate that there was some proof in favor of the defendant's special pleas made the basis of the errors involved. We therefore hold that the appellant has not only shown error, but an examination of the *entire record as presented to us,* also discloses that said errors were probably prejudicial." [Italics supplied.]

The argument of petitioner overlooks or ignores the fact that the appeal in Henderson v. Tennessee Coal, Iron & Ry. Co., supra, was direct to this court and the entire record was subject to inspection by the court to ascertain whether or not the errors were "probably prejudicial."

The argument also overlooks or ignores the fact that the Court of Appeals, in like position as was this court in Henderson's case, had the record before it, and after examining the record, without stating the facts further than the conclusion that such examination did not show probable injury, applied the doctrine of error without injury.

■ This court has uniformly ruled, in such circumstances, that it will not review the Court of Appeals on the application of the doctrine of error without injury. Ex Parte Steverson Robinson v. Steverson, 211 Ala. 597, 100 So. 912; Allie F. Cleghorn v. State, 219 Ala. 155, 121 So. 436; Luther Massey et al. v. State, 224 Ala. 584, 141 So. 259; Powell v. State, 224 Ala. 584, 141 So. 260.; Trawick v. State, 217 Ala. 149, 115 So. 79; Parham v. State, 217 Ala. 398, 116 So. 418.

In the case last cited the rule is fully stated as follows: "It is a settled rule that this court, upon certiorari, will review the Court of Appeals only on questions of law and not upon the finding of fact or application of the law to the facts, or the application of the doctrine of error without injury, unless the facts are fully stated in the opinion of the Court of Appeals so that a review may be effected without an examination of the record filed in the Court of Appeals." [217 Ala. page 399, 116 So. page 418.]

The errors complained of were in respect to the overruling of the defendant's demurrer to some of the counts of the complaint designated by letter A to F. The defect pointed out by the demurrer was that said counts failed to show compliance with the provisions of § 12 of the Act—a general law of local application—approved August 20, 1915, which would deny a recovery by plaintiff "unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed," &c. Gen.Acts 1915, p. 298.

As the opinion of the Court of Appeals shows, one of the counts—Count "G"—contained the necessary averment required by the statute.

The appeal is on the record without a bill of exceptions, and the only matters set out in the petition for certiorari, to show probable injury, are the refusal of the affirmative charge requested by the defendant as to each of said counts, and the statement of the court in the oral charge, "That brings us to a consideration of what are the material averments of these counts and of each of the counts, with the exception of the date of the overflow or the rain, which I believe is in the different counts."

■ The refusal of the affirmative charge as to count "G", in the absence of a bill of exceptions showing the contrary, supports the presumption that proof was made of the filing of such claim in com-

pliance with the provision of said statute. If such proof was made covering the occurrences as alleged in the other counts, the error in overruling the demurrer was rendered innocuous. Best Park & Amusement Company v. Rollins, 192 Ala. 534, 68 So. 417, Ann.Cas.1917D, 929; Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339.

The most that petitioner could expect on this review is that the court examine the record to verify the averments of its petition for certiorari.

The application for rehearing is wanting in merit, and is overruled.

GARDNER, C. J., and BOULDIN, BROWN, FOSTER, and LIVINGSTON, JJ., concur.

THOMAS, J., dissents.

KNIGHT, J., not sitting.

THOMAS, Justice (dissenting).

There were several counts declaring for damages on the several assignments of personal and property injuries. All counts, except G, were subject to demurrer for failure of observance of statutory notice to be given and proven in such actions against a municipality. City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63. All counts were submitted to the jury and there was a general verdict for the plaintiff.

If there was evidence to support count G, the verdict may be referred to that count. Such are the decisions of the Court of Appeals by Mr. Justice Samford. American Bankers' Ins. Co. v. O'Neal, 25 Ala.App. 559, 150 So. 562; Bates v. Turney, 26 Ala.App. 98, 153 So. 782. This rule has its limitations. That is to say, it must be shown that such action of the court was error without injury. The appeal is by the city on the record, and the trial is not illustrated by a bill of exceptions.

The Court of Appeals among other things observes, 197 So. 46:

"Each of the amended counts stated separate and distinct causes of action, each claiming damages for an overflow of water occurring on a date different from any date named in any of the other counts of the complaint as amended.

\* \* \* \* \*

"Each of the counts in the amended complaint claims damages for a separate act, and failing to allege that such claim had been filed with the City Clerk, as required by the above quoted Act, was subject to demurrer. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; Barrett v. City of Mobile et al., 129 Ala. 179, 30 So. 36, 87 Am.St.Rep. 54; Ex parte First Nat'l. Bank of Montgomery, 206 Ala. 394, 90 So. 340; Ex parte City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281.

"The verdict of the jury was general and referable to either count in the complaint, and the overruling of demurrer to the bad counts constituted error.

\* \* \* \* \*

"Since the adoption of Supreme Court Rule 45, (175 Ala. xxi), it has been consistently held that the burden is on the appellant to show to the Court that error, if committed, probably affected injuriously, substantial rights of the appellant; otherwise there can be no reversal."

That is to say, the holding of the Court of Appeals was error without injury in submitting to the jury the several counts that were subject to demurrer and declaring for separate and distinct causes of action and injuries different from those on which the good count G was rested.

This decision is contrary to the rule announced and which obtains in this court. In the case of Bieker v. City of Cullman, 178 Ala. 662, 59 So. 625, 626, the Supreme Court of Alabama said: "It is insisted that, if error, it was without injury, because plaintiff was entitled to the same relief and damages, under other counts upon which the trial was had, that he could have obtained under this count. To this we cannot agree. We find no one of the counts, to which the demurrer was overruled, that was even practically a duplicate of count 3. Evidence would probably have been admissible under that count that would not have been admissible under any one of the other counts. We are unable to say that this error was without injury."

And again in Alabama Power Co. v. Lewis, 224 Ala. 594, 141 So. 229, 230, this Court said: "It is apparent that under count 2, which is confessedly good, all testimony competent under the first count might have been introduced. It was incumbent upon the plaintiff to make the same proof and the same degree of proof under count one, as the case was developed,

as she was required to make under count 2. And likewise, the same defense open to defendant under count 1 was available to it under count 2."

Many cases illustrating by analogy this application of the rule are noted in Ala. & Southern Digest, Vol. 2., under the title of Appeal and Error, ☞ 1040(11), p. 399, et seq.

It follows from the foregoing that the Court of Appeals announced the correct rule, but improperly applied the same as error without injury under the decisions in Henderson v. Tennessee Coal, Iron & Ry. Co., 190 Ala. 126, 67 So. 414. It is said in the last cited case that, "Where the error complained of relates to the pleading alone, and the appeal is only on the record, and there was no nonsuit, but the trial was had on the facts and merits, there should be a bill of exceptions showing that the errors complained of as to the rulings on the pleadings were involved on the trial and were among the issues on which the case was decided."

In Lloyd v. Central of Georgia Ry. Co., 200 Ala. 694, 77 So. 237, 238, it was said: "The record contains no bill of exceptions, but the instructions to the jury which are incorporated in the record sufficiently indicate that the error in this regard was probably prejudicial to plaintiff. Rule 45, 61 So. ix; Henderson v. Tennessee C., I & R. Co., 190 Ala. 126, 67 So. 414."

Here the record contains the charges and shows the issues of fact were submitted on all counts of the complaint and that the counts claimed for different damages. Wilson v. Owens Horse & Mule Co., 14 Ala.App. 467, 70 So. 956. Hence it was the duty of the City of Birmingham in the case before us to show by a bill of exceptions that (1) there was competent evidence to support count G which was free from the grounds of demurrer directed thereto: (2) to indicate by the record and bill of exceptions that there was prejudicial error in submitting to the jury the several counts subject to demurrer along with count G which was free from demurrer: and (3) that such trial was prejudicial. There being no bill of exceptions, the record considered with the several charges of the court given and those refused indicates that there were errors committed on the trial.

The writer believes that the foregoing rules govern the duty of appellant under such circumstances and that the record proper shows that the judgment of the Court of Appeals is laid in error. Therefore, the writer is not in accord with the majority opinion that the writ should be denied and hence dissents from such ruling of the court.