200 So. 880
## CITY OF BIRMINGHAM v. SMITH.
### 6 Div. 693.

Supreme Court of Alabama.
Feb. 27, 1941.

Rehearing Denied March 27, 1941.

John S. Foster, of Birmingham, for appellant.

Robt. W. Smith and Beddow, Ray & Jones, all of Birmingham, for appellee.

night. This pile was about 5 feet west of the new work, was about 4 feet or more wide, and narrowed down as it extended to the car track, and about 30 inches high at the highest point, but sharply tapered at each end. Some very good photographs of it are in the record, and show the highest part near the center sharply tapering down at both ends.

The street was straight for a great distance as decedent approached this obstruction, placed there as a barrier or warning. Decedent was driving alone toward it with no obstruction between him and it, and with no apparent incident to distract his attention from what he was doing. Traffic was not heavy at that time and place. Within a short distance from this barrier, the automobile made a distinct turn to the left, and apparently one or more of the wheels struck the edge of this rock pile, and the car then made a more gradual turn to the right beyond the pile and between the car track and curb, and then made another gradual turn to the left and across the south car track and on to the north car track and struck an approaching street car on the north track. The left front of the automobile struck the street car a terrific blow and badly crushed it, causing it to skid around to the rear of the street car.

Decedent was injured in the accident and died soon afterwards. No one was with him. He had been drinking beer early that morning, and a distinct smell of whiskey was on his breath after the accident, at the hospital. The automobile was traveling very fast, 50 or 60 miles an hour. Visibility was good, and the barrier could be seen for at least 300 feet away, as one witness testified.

The street car which was struck did not interfere with passage around the barrier. There was a wide space open around it unobstructed in any respect. The collision was caused by the automobile returning diagonally across the south car track and continuing across the street to and upon the north car track on which the street car was approaching.

The trial was had on count "C", to which demurrer was overruled. Without discussion, we think that this count is not defective because the "quo modo of the alleged negligence is set out and the facts are insufficient to constitute negligence." City of Birmingham v. Wood, Ala.Sup., 197

FOSTER, Justice.

Plaintiff's intestate was killed on a Sunday morning between 9 and 9:30, traveling east in an automobile on First Avenue North, in Birmingham. This was a paved thoroughfare, very broad (50 feet) and much used in that manner. There was laid in the street a double line of street car tracks. The city had on the day before taken up the old pavement, extending from the curb on the south side to near the track 14.9 feet, and along the curb east and west 9 feet, on the south side of the street, and had put down new concrete in that space, and piled up the old stone taken out in a heap with other debris, also extending from near the curb to near the car track, and had put on it four or five red lanterns, which were lighted Saturday

So. 885; Mobile L. & R. R. Co. v. Therrell, 205 Ala. 553, 88 So. 677.

As a general rule the sufficiency of signals or barriers to give reasonable warning or security against defects and dangers in a street, with respect to their character and arrangement, is a question of fact for the jury. Kearns v. Mobile Light & R. R. Co., 196 Ala. 99, 71 So. 993.

The duty is generally measured by the requirements of ordinary and reasonable care in keeping the street in condition of reasonable safety for travel. 43 Corpus Juris 1060.

While this is ordinarily for the jury, it is not every case that needs to have that issue submitted to them. If it is so apparent to the court that the barrier is a sufficient signal or warning of danger to one exercising due care, without a reasonable inference to the contrary, it should not be submitted to them. 5 Amer.Jur. 884; (Automobile) section 696, note 5; 43 Corpus Juris 1285 (Municipal Corporations), section 2045, note 5.

The barrier as a signal should be sufficient to give such warning as will reasonably notify all persons using the street that the danger is there, and should afford protection and not produce a peril to persons passing on the way in the exercise of ordinary care. 43 Corpus Juris 1062, notes 62 and 63.

And generally speaking, persons using public streets may assume that they are reasonably safe for travel, and need not be on special lookout for defects and obstructions. 15 Ala.Dig. 209, Municipal Corporations, ☞806(2).

But such assumption only protects those who are in the exercise of such ordinary care at the time as the situation on the whole would lead a reasonably prudent man to observe in respect to conditions immediately ahead. Dorminey v. City of Montgomery, 232 Ala. 47(2), 166 So. 689; City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1915F, 797.

This duty requires a person driving an automobile under the circumstances here disclosed "to look ahead with his eyes open, and to see what ordinary vision would necessarily see," unless his attention is temporarily abstracted on account of some concurrent extraneous event sufficient to that end. See City of Albany v. Black, 214 Ala. 359, 108 So. 49, 52; Cooper v. Agee, 222 Ala. 334, 132 So. 173(5).

In such a situation, the traveler, having a right to assume that the highway is reasonably safe for such travel and free from dangerous obstructions, and having no need to keep his eyes constantly fixed on the path of the highway, nor to look far ahead for defects which should not exist, nor to exercise such extreme vigilance as to see in any and all events all obstructions or defects in the highway ahead, nevertheless must use ordinary care, considering the dangerous appliance he is using not to come suddenly upon an obvious barrier or warning signal in plain view ahead. He must keep his eyes open and look ahead with enough constancy to detect an obvious obstruction in plain view, unless his attention is abstracted for good cause. Streets are not required to be in such condition as to insure the safety of reckless drivers. The driver of a motor vehicle must keep his machine under control in such a location, and be alert for those obstructions which should be anticipated. See Graves v. Johnson, 179 Miss. 465, 176 So. 256, 260; McWhorter v. Draughn, 137 Miss. 515, 102 So. 567; 29 Corpus Juris 699, 700; City of Albany v. Black, supra; City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841; Racine Tire Co. v. Grady, 205 Ala. 423, 88 So. 337; Martin v. J. A. Mercier Co., 255 Mich. 587, 238 N.W. 181, 78 A.L.R. 525; 7 McQuillin on Municipal Corporations, 2d Ed. 270, section 3013.

The city had the right and duty to make repairs in the street in question. An automobile traveler is charged with knowledge of that duty, and that it may occur at any place along the line of traffic. He must use his eyes and senses, and regulate his speed in the light of that assumption. The barrier was in plain view on a day when the visibility was good, with nothing to obstruct the view for a distance apparently as far as the vision reached ahead. No incident was shown to abstract his attention. He should not have approached at such a speed for that distance without looking ahead at a time when the barrier was in view and could have been avoided without accident. There was nothing to keep him from avoiding it. True, he need not every moment of time keep his eyes fixed on the street far ahead. But ordinary care requires one to look ahead when so traveling in such a dangerous vehicle at such a speed so as to see and avoid an obstruction in plain view

for a great distance, in the absence of any reason for not doing so.

It is our opinion that there is but one inference which should be drawn respecting his conduct. That is, that he was negligent, and that his negligence proximately contributed to the accident. It is also our opinion that the city was not negligent in respect to the nature of the barrier as a warning signal, as applicable to him considering all the circumstances we have named. It was in plain view for a great distance, with red lanterns on it, under circumstances showing its nature and purpose.

We think defendant was due the affirm-. ative charge, as requested.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.