9 So.2d 299

**SMITH v. CITY OF BIRMINGHAM.**

**6 Div. 23.**

Supreme Court of Alabama.

June 25, 1942.

Robt. W. Smith and Beddow, Ray & Jones, all of Birmingham, for appellant.

Wm. L. Clark, of Birmingham, for appellee.

BROWN, Justice.

This is an action on the case by the administrator of the estate of John Herman Rushing, deceased, against the City of Birmingham for wrongfully causing his death, and on the first trial, had on Count "C" of the complaint, resulted in a verdict and judgment for the plaintiff from which the defendant prosecuted an appeal. City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880, 883.

On the day previous to Rushing's death resulting from a collision between his automobile and a street car operated on tracks laid in First Avenue North, as appears from the statement in the opinion, the city in improving the street took up "the old pavement, extending from the curb on the south side to near the track 14.9 feet, and along the curb east and west 9 feet, on the south side of the street, and had put down new concrete in that space, and piled up the old stone taken out in a heap with other debris, also extending from near the curb to near the car track, and had put on it four or five red lanterns, which were lighted Saturday

night. This pile was about 5 feet west of the new work, was about 4 feet or more wide, and narrowed down as it extended to the car track, and about 30 inches high at the highest point, but sharply tapered at each end."

The gravamen of said Count C, in so far as applied to the city, is stated thus: "That the agents, servants or employees of said city who were acting within the line of their duty and scope of their employment at the time, covered said repaired portion of said pavement with concrete, rocks or other hard substance; that said agents, servants or employees negligently failed to safely guard said obstruction and negligently permitted or negligently allowed the said obstruction to remain in an unsafe or dangerous condition."

On the former appeal it was observed: "It is our opinion that there is but one inference which should be drawn respecting his [plaintiff's intestate's] conduct. That is, that he was negligent, and that his negligence proximately contributed to the accident. It is also our opinion that the city was not negligent in respect to the nature of the barrier as a warning signal, as applicable to him considering all the circumstances we have named. It was in plain view for a great distance, with red lanterns on it, under circumstances showing its nature and purpose."

Said Count C stated a cause of action within the first classification made by § 2029, of the Code of 1923, now § 502, Code of 1940, Title 37: "(a) Where the wrong done or suffered was the proximate result of culpable act or omission of some agent, officer, or employé then engaged, within the line of his duty, in the municipality's service." City of Birmingham v. Carle, 191 Ala. 539, 541, 68 So. 22, 23 L.R.A.1915F, 797.

On the second trial the complaint was amended by adding Counts "H" and "K" and withdrawing all other counts. The court sustained the defendant's demurrer to each of said counts, in consequence, the plaintiff took a voluntary non-suit and appealed. Code of 1940, Title 7, § 819; Ex Parte Martin, et al., 180 Ala. 620, 61 So. 905.

The gravamen of Counts "H" and "K" is thus stated: "That the defendant negligently allowed or negligently permitted the said obstruction to become scattered over a large portion of said public street adjacent to said obstruction; that there were large pieces of rock, stone or concrete scattered over the street at or near the said obstruction, and that said scattered pieces of stone, rock or concrete were negligently permitted or negligently allowed to remain for a long period of time at said places in an unguarded, dangerous and unsafe condition for public travel."

When construed most strongly against the pleader, as must be done on demurrer, said counts undertake to state a cause of action arising under the second classification: "(b) Where the wrong done or suffered was the proximate result of culpable municipal omission 'to remedy some defect in the streets, alleys, public ways, or buildings after the same (i. e., defect as defined) *has been called to the attention of the council,* or after the same (i. e., defect as defined) had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council.'" [Italics supplied.]

The scattered debris, stone and concrete in the part of the street or highway, left open by the barrier for travel, rendering it dangerous, constituted a defect within the purview of the statute. City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542.

That the agents, servants and employees of the city while "engaged in work therefor" [Code of 1940, Title 37, § 502] had the right to erect the barrier in the avenue to protect the newly laid pavement, taking due precaution to place there at night lights to warn travelers thereon, is not and can not be questioned. The statute which defines and limits the liability of the city did not impose on the municipality a duty to stand by and guard persons using the avenue, against injury, where the barrier was properly lighted at night and open to ordinary observation by day, and the danger was open and obvious. City of Birmingham v. Smith, supra.

Said counts do not aver that the agents, servants or employees of the city "engaged in work therefor," and acting within the line and scope of their authority, scattered the pieces of stone or concrete over and across the traveled portion of the avenue, left open for traffic. This so far as appears resulted from the acts of intermeddlers, and for which under the statute, the city was not liable "unless the defect had been called to the attention of the council or governing board;" or the alleged defect "had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council." Code of 1940, Title 37, § 502;

City of Birmingham v. Martin, 228 Ala. 318, 153 So. 235.

Said Counts "H" and "K" embody, verbatim ac litteratim, the notice given by the plaintiff before the commencement of the suit, in compliance with § 2031 of the Code of 1923, now § 504, Title 37, Code of 1940, which provides that "No recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, *stating substantially the manner in which the injury was received,* and the day and time, and the place where the accident occurred, and the damages claimed." [Italics supplied.]

The pertinent part of the notice in the instant case is in the following words: "The claimant, as said Administrator, charges that the negligence of the City consisted in this: that on March 27th, 1938, it had completed the repair of a portion of the pavement on First Avenue North, between to-wit: Forty-Eighth and Forty-Ninth Streets, in the said City of Birmingham, and had covered the repaired portion of the street with rocks, large pieces of concrete or other hard substance, for the purpose of protecting the newly relaid or repaired pavement, *and had not posted signs or taken other precaution to warn the public of the said obstruction.*" [Italics supplied.]

It is settled law that the statute, Code of 1940, Title 37, § 504, is mandatory and that *substantial compliance* is essential to the right to maintain a suit against the municipality for personal injury or death. Technical accuracy is not required. City of Birmingham v. Hornsby, Ala.Sup., 6 So. 2d 884;[1] City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63; Bland v. City of Mobile, 142 Ala. 142, 37 So. 843.

That the purpose of the statute in requiring the notice to be given is to enable the municipal authorities to investigate and determine whether or not the claim has merit or not, and if meritorious or doubtful to enable the municipality to adjust and settle the same without litigation. Authorities, supra.

It would seem to be very clear that the notice of claim in the instant case only invited investigation by the city authorities as to what signs or other precautions of warning the employees of the city had placed on the barrier which they had the right and duty to erect to protect the new work and the public in the use of the street incident to dangers from running into the new soft pavement, and when they found that it had been properly lighted by night and was open to observation by day, any person using due care in the use of the avenue would have reached the conclusion that the intestate's death was due to his own negligence. There is an absence of suggestion in the notice that the alleged death resulted from a defect in the part of the avenue left open for travel in consequence of the act of intermeddlers in removing the material used in the construction of the barrier and scattering it in that part of the avenue.

The notice, no doubt, was designed to present the claim in the light of the facts developed on the first trial under Count C of the complaint, and was sufficient to that end, but that is not the case presented by said counts "H" and "K". Proof of negligence on the part of the city in failing to light or give warning of the existence of said barrier would not sustain said counts, hence said notice was not a substantial compliance with the requirements of the statute as to the manner in which the injury and death complained of in said counts was received.

The demurrer pointed out the defect and it was sustained without error.

Affirmed.

All Justices concur, except KNIGHT, J., not sitting.