22 So.2d 169

**CITY OF BIRMINGHAM v. YOUNG.**

**6 Div. 250.**

Supreme Court of Alabama.

May 10, 1945.

Geo. P. Bondurant, of Birmingham, for appellant.

Chas. W. Greer and Frank Bainbridge, both of Birmingham, for appellee.

LIVINGSTON, Justice.

Appeal by the city of Birmingham, Alabama, a municipal corporation, from a judgment in favor of Mrs. M. J. Young for personal injuries received when an automobile in which she was riding ran or fell into an open ditch in the intersection of Division Avenue and 65th Street in said municipality.

Amended count 1, on which the cause was tried, alleged that plaintiff was injured while riding in an automobile over and along a public highway in said city, to-wit, over and along the intersection of Division Avenue and 65th Street. This was the use for which streets are made, and discloses a duty on the part of the city to maintain same in a reasonably safe condition for the use of those riding in automobiles.

The count then charges that said automobile ran or fell into an open ditch which was then and there in said intersection, which said ditch was to-wit three feet deep and two and one-half feet wide, and which said ditch was without guards or lights or other warning signals of the presence of said ditch, and as a proximate consequence thereof she was injured, etc.; and avers that all of her said injuries were proximately caused by the negligence of the defendant in negligently permitting said open ditch to be and remain in said highway.

While the count does not expressly allege a "defect" or "dangerous condition," the facts alleged reasonably import the same thing. A ditch in a public street, such as an automobile may and does run or fall into and cause the severe injuries alleged, and left without guards or warning signals is, prima facie, a dangerous defect. And a count which alleges facts from which negligence may be reasonably inferred, followed by averments of negligence whereby the plaintiff assumes the burden to prove negligence in the particular case, is sufficient. City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611, and cases cited.

And a general averment that "all of her said injuries were proximately caused by the negligence of defendant in negligently permitting said open ditch to be and remain in said highway," is a sufficient averment that such condition was known, or, in the exercise of reasonable care, would have been known to the city authorities. City of Birmingham v. Smith, supra; Lord v. City of Mobile, 113 Ala. 360; 21 So. 366; City of Anniston v. Ivey, 151 Ala. 392, 44 So. 48; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Albany v. Black, 216 Ala. 4, 112 So. 433.

It is alleged in count 1 as amended that, before the commencement of the suit and in compliance with section 504, Title 37, Code of 1940, plaintiff gave notice to the city of her claim for personal injuries, and a copy of which notice is attached to and made a part of count 1 as amended. The pertinent part of said notice is in the following words: "The undersigned, while riding in an automobile over and along a public street in the city of Birmingham, Alabama, to-wit, over and along Division Avenue, and over and along a point on said avenue, to-wit, where said avenue intersects 65th Street and just east of that point of said intersection which is traversed by the railroad tracks of the L & N Railroad Company, was injured by said automobile running or falling into an open ditch which was then and there in said intersection, which said ditch was, to-wit, three feet deep and two and one-half feet wide and which said ditch was without guards or lights or other warning signals of the presence of said ditch in said intersection."

Section 504, supra, is mandatory and substantial compliance is essential to the right to maintain a suit against the municipality for personal injuries or death; but technical accuracy is not required. City of Birmingham v. Hornsby, 242 Ala. 403, 6 So.2d 884; Smith v. City of Birmingham, 243 Ala. 124, 9 So.2d 299; City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63.

The gravamen of count 1 as amended is that, defendant negligently permitted an open ditch about two and one-half feet wide and three feet deep to be and remain in the highway without guards or warning signals. Demurrer to this count was overruled without error.

The purpose of the statute in requiring the notice to be given is to enable the municipal authorities to investigate and determine whether or not the claim has merit, and if meritorious or doubtful to enable the municipality to adjust and settle the same without litigation. Authorities, supra.

In the case of Rodgers v. Commercial Casualty Ins. Co., 237 Ala. 301, 186 So. 684, 686, it was held: "As stated in 33 Corpus Juris 474, the true sense of the word intersection must be ascertained by a full reference to the context in which it appears in the writing. And on the following page, it is said: 'As applied to a street or highway, the space occupied by two streets at the point where they cross each other: the space of a street or highway common to both streets or highways.'" See, also, Subdiv. (r) section 1, Title 36, Code of 1940.

The evidence showed that 65th Street and Division Avenue are intersecting streets in the city of Birmingham. 65th Street runs in a northerly and southerly direction and is one hundred and ten feet wide from property line to property line. The Louisville and Nashville Railroad Company owns, maintains and uses a right of way sixty feet wide in the center of 65th Street, and which right of way also runs in a northerly and southerly direction, that is, the right of way runs with the street and not across it. The remaining portion of 65th Street—the twenty-five feet on each side of the railroad right of way—is maintained by the city as a street, and used by the public as such.

Division Avenue runs in an easterly and westerly direction, is sixty feet wide from property line to property line. This

distance between curb lines is thirty feet. The charted, used and maintained, portion of Division Avenue extends to the railroad right of way, both on the east and west sides of said right of way. That is to say, that portion of Division Avenue occupied by the railroad right of way is not maintained or used as a street. The open ditch involved runs parallel with and just east of the railroad right of way, and is under the rule stated in Rodgers v. Commercial Casualty Ins. Co., supra, in the intersection of 65th Street and that portion of Division Avenue which lies east of the railroad right of way. The ditch is about three feet wide and two feet deep. It is a drainage ditch. It runs across Division Avenue on the east side and parallel with the Louisville and Nashville right of way, and empties into a sixteen-inch pipe which runs east and west under the railroad. The railroad right of way is higher than the streets: the top of the railroad rails in said right of way being approximately three feet higher than the surface of 65th Street and Division Avenue. There was a street light on the west side of the western driveway of 65th Street. There were no guard rails or barriers guarding the open ditch, or lights or signs warning of its presence.

The appellee testified that on the night of March 10th, 1943, at about ten o'clock at night she and her husband, upon leaving a restaurant located on 1st Avenue in the city of Birmingham, drove into Division Avenue at a place thereon which she had never traveled before and started west along said avenue in the direction of the Young residence. Mr. Young was driving a Ford car. Appellee was sitting on the front seat by the driver, and the couple were the only persons in the car. It was raining "pretty" hard as the car proceeded west along Division Avenue. Appellee further testified that in her judgment the Ford car was traveling from twenty to twenty-five miles per hour as it entered the intersection of 65th Street and Division Avenue; that the first knowledge she had of the presence of the open ditch was when the car ran into it, or was about two feet east of it. She testified further: "As we were going down you could see a light and it looked like the street went straight through, but after we got out we noticed that the light was across the railroad tracks from us * * * it appeared that the street went straight

through, as we could see the light, we thought it went on through." Appellee also testified as to her injuries as did two physicians and others.

Appellee introduced in evidence a diagram of the scene of the accident which had been prepared by the city engineer. It showed that the ditch in question was in the street intersection and not in the right of way of the Louisville and Nashville Railroad Company. Two pictures of the scene, but with freight cars standing on the railroad track, were in evidence. The freight cars were not on the tracks, and both ends of Division Avenue were open to view when the accident occurred, except, of course, as the view was obstructed by the elevation of the railroad right of way.

The assistant city engineer testified that he was, and had been for twenty years, familiar with the intersection where the accident occurred; that the city had cleaned out and maintained the ditch since 1934.

▬ It was the duty of the municipality to keep its public streets in a reasonably safe condition for travel by night as well as by day, and this duty extended the entire width of the street. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Birmingham v. Simmons, 222 Ala. 111, 130 So. 896, 74 A.L.R. 766; City of Huntsville v. Phillips, 191 Ala. 524, 67 So. 664; City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430. And where the municipal authorities construct or improve a street and leave therein excavations, embankments, canals or ditches, the municipality is liable for personal injuries caused by the failure to erect guards or railings or warning signals to prevent persons using reasonable care, driving into or over such excavations, embankments, canals, or ditches. City of Montgomery et al. v. Bradley & Edwards, 159 Ala. 230, 48 So. 809; Mayor, etc., of City of Birmingham v. McCary, 84 Ala. 469, 4 So. 630; Mayor, etc., of Birmingham v. Lewis, 92 Ala. 352, 353, 9 So. 243; City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611; City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; City of Phœnix v. Mayfield, 41 Ariz. 537, 20 P.2d 296; 43 Corpus Juris p. 1060, § 1836; Chance v. St. Joseph, 195 Mo.App. 1, 190 S.W. 24.

In the case of City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880, 882, it was said:

"And generally speaking, persons using public streets may assume that they are reasonably safe for travel, and need not be on special lookout for defects and obstructions. 15 Ala.Dig. 209, Municipal Corporations, ☞ 806(2).

"But such assumption only protects those who are in the exercise of such ordinary care at the time as the situation on the whole would lead a reasonably prudent man to observe in respect to conditions immediately ahead. Dorminey v. City of Montgomery, 232 Ala. 47(2), 166 So. 689; City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1915F, 797.

"This duty requires a person driving an automobile under the circumstances here disclosed 'to look ahead with his eyes open, and to see what ordinary vision would necessarily see,' unless his attention is temporarily abstracted on account of some concurrent extraneous event sufficient to that end. See City of Albany v. Black, 214 Ala. 359, 108 So. 49, 52; Cooper v. Agee, 222 Ala. 334, 132 So. 173(5).

"In such a situation, the traveler, having a right to assume that the highway is reasonably safe for such travel and free from dangerous obstructions, and having no need to keep his eyes constantly fixed on the path of the highway, nor to look far ahead for defects which should not exist, nor to exercise such extreme vigilance as to see in any and all events all obstructions or . defects in the highway ahead, nevertheless must use ordinary care, considering the dangerous appliance he is using not to come suddenly upon an obvious barrier or warning signal in plain view ahead. He must keep his eyes open and look ahead with enough constancy to detect an obvious obstruction in plain view, unless his attention is abstracted for good cause. Streets are not required to be in such condition as to insure the safety of reckless drivers. The driver of a motor vehicle must keep his machine under control in such a location, and be alert for those obstructions which should be anticipated. See Graves v. Johnson, 179 Miss. 465, 176 So. 256, 260; McWhorter v. Draughn, 137 Miss. 515, 102 So. 567; 29 Corpus Juris 699, 700; City of Albany v. Black, supra; City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841; Racine Tire Co. v. Grady, 205 Ala. 423, 88 So.

337; Martin v. J. A. Mercier Co., 255 Mich. 587, 238 N.W. 181, 78 A.L.R. 525; 7 McQuillin on Municipal Corporations, 2d Ed. 270, section 3013."

■ We have carefully considered the evidence, especially the pictures portraying the streets and scene of the accident, and are of the opinion that it discloses a condition which the jury could well find not reasonably safe for travel by automobile in the nighttime in the absence of a guard rail, barrier or adequate lighting.

■ We are further fully persuaded that the most that can be said of the evidence touching appellee's contributory negligence is that it made a case for the jury.

■ Two drainage pipes ran under 65th Street on the east side of the railroad right of way and emptied into the ditch here involved. These pipes carried the water westwardly from the north and south sides of Division Avenue. At the eastern end of each pipe there was a small ditch, some four or five feet in length. We do not agree with appellant's insistence that the presence of these small ditches, not mentioned in the claim filed by appellee, rendered said claim insufficient as to the designation of the place where the injury occurred, nor that there was a variance between the allegations and the proof.

■ Evidence that there were no guards, barriers or warning signals guarding the ditch involved was admissible.

■ Charge 42, if not otherwise faulty, was abstract and properly refused.

Before proceeding to the trial of the main case, appellant moved the court to enter a non-suit against appellee unless the complaint was amended by making the Louisville and Nashville Railroad Company, a corporation, a party defendant, thereby attempting to invoke the protection of section 503, Title 37, Code of 1940. Evidence for and against the motion was heard by the court, and the motion was denied. The same motion was made and denied at the conclusion of the evidence taken on the trial of the main case. City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30.

The construction put upon section 503, Title 37, Code of 1940, in the case of City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1915F, 797, has been consistently followed, and needs no further comment here.

We have carefully examined the evidence touching the question presented, and are to the conclusion that it failed to disclose any liability on the part of the Louisville and Nashville Railroad Company. There was therefore no error in overruling the motion for a non-suit.

Appellant's motion for a new trial was also overruled without error.

We have considered the evidence relative to appellee's injury and cannot say that the verdict of the jury and the judgment rendered thereon is excessive.

Finding no error in the record, the judgment is due to be and is affirmed.

Affirmed.

All the Justices concur, except BROWN, J., who dissents.

BROWN, Justice (dissenting).

Action on the case by appellee against appellant for personal injuries alleged to have been received in consequence of an automobile in which she was riding, "running or falling into an open ditch," in the intersection of Division Avenue and 65th Street, in the City of Birmingham, resulting in a verdict and judgment for the plaintiff.

The gravamen of the complaint is negligence on the part of the defendant in *"permitting said open ditch to be or remain in said highway,"* and is predicated on the last clause of Section 502, Tit. 37, Code 1940, which, so far as here pertinent, provides: "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, * * * unless the said injury or wrong was done or suffered through the neglect, carelessness, *or failure to remedy some defect in the streets, alleys, public ways,* or buildings after the same had been called to the attention of the council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council, * * *." (Italics supplied.)

It is settled law that said section of the Code declares the extent and limits of the liability of municipalities, and excludes all others not embraced within such limits. City of Bessemer v. Chambers, 242 Ala. 666, 8 So.2d 163; McSheridan v. Talladega, 243 Ala. 162, 8 So.2d 831.

The evidence is without dispute that 65th Street is a two-lane highway, each of said lanes being 25 feet in width, leading along the right-of-way of the Louisville & Nashville Railroad, and running parallel with it. The railroad right-of-way at this point is 60 feet in width, with an embankment rising above the level of the east lane of said highway from two and one-half to three feet, and on which the railroad company maintains three operating tracks. This right-of-way is not a part of 65th Street. The alleged ditch leads south, along the "toe" of the railroad's embankment, parallel with it, into a culvert or conduit, and is just on the margin of the said east lane of 65th Street, and is a drain to carry water from the east side of the railroad tracks, through said culvert, and empties into an open ditch on the west side of the railroad 'tracks. Said ditch has existed for thirty-five years or more as a drain for the railroad right-of-way.

Division Avenue is a gravelled highway thirty feet in width, leading into the east lane of 65th Street on the opposite side from said ditch, more than twenty-five feet from the east margin of said east lane. Here the traffic proceeds to the north or the south. Division Avenue does not cross said ditch, nor the railroad right-of-way, nor does said ditch touch Division Avenue at any point. There is no street easement or right-of-way across said railroad tracks. Louisville & N. R. Co. v. Malchow, 216 Ala. 656, 114 So. 53; 16 U.S.Stat. p. 580.

On the opposite or west side of the railroad right-of-way and tracks, the other part of Division Avenue, leading west, touches the west lane of said 65th Street, where traffic may turn to the north or south, as may be desired. There is no ditch or other defect in said Division Avenue, or the east lane of said 65th Street, both being graveled highways; and Division Avenue is straight for a considerable distance east of said east lane of 65th Street. Said ditch and the embankment of the railroad tracks are open to ordinary observation to persons using the streets for ordinary travel along the same. No barriers or lights were erected or maintained along said ditch and said west lane opposite the point where Division Avenue touches the east lane of 65th Street, either by the City of Birmingham or the Railroad Company. There is an absence of testimony showing or tending to show that said ditch in any way renders

said east lane of 65th Street unsafe to usual travel, or that it increases the hazard of such travel, or that said 65th Street, at this point, was not reasonably safe for such travel. The evidence shows that plaintiff's husband, while driving his car, in which plaintiff, his wife, was riding as a passenger, along said Division Avenue, on a rainy night, at about 30 miles per hour with dim lights, and poor visibility, drove the same across said east lane of 65th Street into said ditch, resulting in her injury, the predicate for her claim for damages.

Conceding that the junction of Division Avenue and the east lane of 65th Street constitutes an intersection of said highways, it is too clear to permit of controversy that the alleged ditch is not located in the intersection of said highways, and there is a failure of proof to sustain the averment of the complaint and the notice, which is made a part thereof. Bankers' Mortgage Bond Co. v. Sproull, 220 Ala. 245, 124 So. 907. Both the notice and the count of the complaint, on which the case was tried, place the open ditch in the street. City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281; City of Birmingham v. Cox, 230 Ala. 99, 159 So. 818; Smith v. City of Birmingham, 243 Ala. 124, 9 So.2d 299; Code 1940, Tit. 37, § 504.

If said ditch was in the street—the lane of travel—provided by the city for the use of the public, and the city had notice thereof, or it had existed for such length of time as to raise the presumption of notice, and negligently failed to close it up and make it reasonably safe for public travel, the city would be liable as a matter of law, under the statute which we have quoted. City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611.

On the other hand, if said open ditch was located along the margin of the east lane of 65th Street, and the railroad right-of-way, and its existence did not render the streets at this point unsafe to ordinary use and travel, no duty rested upon the municipality to place guards or warnings or lights thereon. City of Birmingham v. Cox, 230 Ala. 99, 159 So. 818; Roberts v. Town of Eaton, 238 N.Y. 420, 144 N.E. 667, 36 A.L.R. 411, 412, and annotations, 413–415; City of Dallas v. Maxwell, Tex. Com.App., 248 S.W. 667, 27 A.L.R. 927, and annotations, 937–941; McCracken v. Curwensville Borough, 309 Pa. 98, 163 A. 217, 86 A.L.R. 1379, and annotations; 13

R.C.L. p. 425, § 348; 25 Amer.Juris. 815, § 532.

In City of Birmingham v. Cox, 230 Ala. 99, 101, 159 So. 818, 819, it was observed: "There is no *absolute duty* upon a municipality to provide guard rails or barriers at or near an 'open ditch, sewer, or drain (volume 7, McQuillin on Municipal Corporations (2d Ed.) p. 204, § 2984), unless the place is dangerous and alongside the street, which without such protection will render that highway unsafe to travelers in the usual modes. * * *"

In Roberts v. Town of Eaton, 238 N.Y. 420, 144 N.E. 667, 36 A.L.R. 411, in which an automobile turned over down an embankment on the margin of the highway, the New York Court of Appeals, speaking by Pound, J., observed:

"The town was not bound to exercise extraordinary care to guard against unusual accidents. 'The limit of duty on the part of a town with regard to the condition of its highways falls far short of making them absolutely safe, under all circumstances, even for those who use them properly.' Lane v. Hancock, 142 N.Y. 510, 521, 37 N.E. 473, 476.

"The risk here was not enhanced by the lack of any ordinary barrier. It arose out of a combination of unforeseen circumstances against which the exercise of ordinary care would have afforded no protection.

"The rule of duty in such cases is one of reasonableness. While the general use of motor vehicles has developed a new class of risks, it is not incumbent on the town to anticipate and guard against every danger that may attach to the operation of automobiles over country highways. To impose on towns the burden either of constructing substantial barriers at every point of possible danger or of paying damages when unusual accidents occur which such barriers might have prevented would be to advance the present measure of liability beyond the rule of ordinary care into the field of insurance against accidental injury or death."

The evidence is subject to a single inference, and that is, that the plaintiff's husband, assuming that street continued across the railroad tracks, proceeded on that assumption, and drove the automobile across said east lane into the ditch; and if there had been no ditch at the point, he would have driven the automobile into the embankment of the railroad's right-

of-way, with probably the same consequences. His negligence was the sole proximate cause of plaintiff's injury. City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880.

I, therefore, respectfully dissent.